REID, Judge.
This matter comes before this Court on plaintiff appellee’s motion to dismiss the appeal taken by defendant appellant in the above entitled case.
Briefly the facts are that plaintiff brought suit against her husband, the defendant, for a separation from bed and board and judgment was rendered on December 11, 1962, read and signed on January 11, 1963, granting the judgment of separation from bed and board and ordering the defendant to pay alimony pendente lite to plaintiff for herself and the maintenance and support for Richard Henry Weaver, their son, in the amount of $100.-00 bi-weekly and no appeal was taken from this judgment.
Plaintiff later obtained a judgment of divorce against the defendant on January 21, 1964 and was awarded permanent alimony for herself and the maintenance and support of Richard Plenry Weaver in the sum of $100.00 bi-weekly and no appeal was taken from this judgment.
On September 10, 1964 the defendant appellant filed a petition to have the alimony and child support reduced, which request was denied by a judgment rendered on September 21, 1964 and signed on September 29, 1964 and no appeal was taken from this judgment.
Plaintiff filed a rule for contempt on November 24, 1964 against the said Albert Oren Weaver for failure to pay alimony to which rule defendant filed an answer and reconventional demand asking that the amount of alimony be reduced. The Court denied this request by a judgment signed on December 16, 1964 and no appeal was taken from this judgment By judgment dated September 29, 1964 the defendant appellant was found in contempt of court and given 60 days to purge himself of said contempt by paying the amount of alimony in arrears. In the judgment dated December 16, 1964 defendant was sentenced to serve 10 days in jail for contempt of court, which judgment was suspended for a period of one year, conditioned upon the defendant paying regularly and punctually the alimony and child support payments ordered by the Court. By a judgment dated February 16, 1965 the previous suspension of sentences ordered in the judgment of December 16, 1964 were revoked and the said judgment was made effective and it was ordered that said sentences be carried out and made executory and judgment was rendered fixing the amount of alimony in arrears. From this judgment the defendant has appealed suspensively and sus-pensive appeal bond was filed on February 16, 1965. After several extensions of time were granted for filing, the transcript and records were lodged in this Court on May 24, 1965. Defendant filed a brief on the merits on June 24, 1965. On July 27, 1965 the motion to dismiss was filed. Defendant had filed no objection *63 to it, nor any brief in opposition. His only brief being one on the merits and concerning principally with the Judge’s abuse of his discretion by continuing in effect alimony which the defendant claims was excessive and which he was unable to pay on account of being disabled to work.
Our Courts have repeatedly held that there is no appeal from a judgment of contempt. This Court held in White v. Louisiana & Arkansas Railway Company, 94 So.2d 95, as follows:
“It is well settled that as shown by cases cited in the above quoted article there is no appeal from a judgment of contempt, the remedy being for writs to the Supreme Court under its supervisory jurisdiction. This Court, however, has no jurisdiction to entertain this appeal from a judgment holding the Wabash Railroad Company in contempt of Court for failure to answer. The proper recourse was to apply to the Supreme Court for writs.”
See also State ex rel. Connerly v. Tangipahoa Parish School Board, La.App., 9 So.2d 826; City of Gretna v. Rossner, 154 La. 117, 97 So. 335; State ex rel. Former Judge of Parish Court of Ouachita, 31 La.Ann. 116.
Defendant appellant still has his right by appropriate proceedings to seek a reduction in the alimony and to appeal from such a judgment which was never done in any of the judgments fixing alimony in this case.
The only other issue in this appeal is the amount of past due alimony. The appellant does not set this up as an error or complain of the correctness of this amount. Pie is therefore not appealing from this portion of the judgment.
For the foregoing reasons we feel that the motion to dismiss the appeal is well founded and accordingly the motion to dismiss is sustained and the defendant’s appeal dismissed at his cost.
Appeal dismissed.