225 So.2d 47 (1969)
Clara Turner WALL, Relatrix-Appellee,
v.
Lemay WALL, Respondent-Appellant.
No. 7817.
Court of Appeal of Louisiana, First Circuit.
July 2, 1969.
*48 Roy & Roy, by Anthony J. Roy, Jr., Marksville, for relator.
Charles A. Riddle, Jr., Marksville, for respondent.
Before LANDRY, SARTAIN and MARCUS, JJ.
SARTAIN, Judge.
In the proceeding now before us, we granted a writ of certiorari to enable us to review a judgment of the district court finding Lemay Wall, respondent, in contempt of court for his failure to comply with a judgment of the district court condemning him to pay alimony to Clara Turner Wall, relatrix, in the amount of $65.00 per month.
To more properly understand the matter, it is necessary to review rather briefly certain procedural aspects which gave rise to and culminated in the judgment of contempt.
Mr. and Mrs. Wall were previously judicially separated and ultimately divorced. Prior to the divorce, the respondent paid only child support. When the one child of the marriage became of age this support was discontinued. Several years later, January 17, 1969, relatrix filed suit to obtain alimony from the respondent. Various exceptions were filed and subsequently overruled. Answer was filed on May 20, 1968. A supplemental and amending answer was filed on January 13, 1968 and the suit on the merits was heard on January 20, 1968. The matter was then taken under advisement by the court. On October 3, 1968, for written reasons assigned, the district judge rendered judgment decreeing that the relatrix was entitled to alimony and condemned the respondent to pay her the sum of $65.00 per month. Judgment was presented for signature and signed on November 4, 1968. The judgment provided that the aforementioned alimony payments should commence and be retroactive to January 17, 1968. There is some question as to whether or not the respondent timely asked for and perfected an appeal from this judgment. However, the status of the appeal and the issues raised therein are not before us at this time.
On January 6, 1969, relatrix filed the instant matter. It was a two-fold motion, (1) to have the respondent show cause why he is not in contempt of court for his failure to pay alimony as ordered by the judgment of November 4, 1968, and (2) to have the amount of alimony in arrears determined and to obtain an executory judgment for such amount. Rules nisi were issued pursuant to relatrix's motions which were made returnable on March 7, 1969.
On the return date of March 7, 1969, respondent filed a dilatory exception of unauthorized use of summary proceeding, peremptory exceptions of no right or cause of action, and an answer in the form of a general denial, reserving all rights under the exceptions.
The trial judge overruled both exceptions and proceeded to hear the matter on the merits. At the conclusion of the hearing both rules were made absolute. Respondent was found delinquent in his alimony payments in the amount of $845.00, representing $65.00 per month from January 17, 1968 through February 17, 1969. An executory judgment was rendered against him in this amount. The trial judge also found the respondent in contempt *49 of court for "violating the orders and judgment of this court dated November 4, 1968" and condemned him to pay a fine of $100.00 on or before April 1, 1969 and in default of the payment to be confined in the parish jail for fifteen days. The judgment further decreed that in the event respondent chose to pay the fine of $100.00, the sheriff was to pay the same over to relatrix for her use and benefit.
Respondent in his application for writs reurges the exceptions previously mentioned. With respect to the dilatory exception of improper use of summary process, we find that the decision of the trial judge overruling the exception is correct. C.C.P. Articles 3945 and 225.
However, the refusal of the trial judge to sustain the peremptory exception of no cause of action is an error which necessitates our reversing the judgment of contempt and remanding this matter for further proceedings.
Paragraph 7 of relatrix's motion reads as follows:
"Mover shows therefore that the said Lemay Wall is guilty of contempt of this Honorable Court for failing to comply with the order of this court and particularly the judgment of November 4, 1968, rendered herein and that a rule should issue herein directing him to show cause on a day and date and at an hour to be fixed by this Honorable Court why he should not be held in contempt of this Honorable Court."
Respondent urges that this paragraph is a conclusion of law and is violative of C.C.P. Article 225 in that it fails to allege facts which constitute constructive contempt.
Counsel for relatrix replies that Paragraph 7 should be read and considered with Paragraph 8 of the motion, which reads as follows:
"Mover shows that Lemay Wall is indebted to her for all alimony awarded her under said judgment in the amount of Sixty-five and No/100 ($65.00) Dollars per month due since February 1, 1968 and each month thereafter until this cause is heard and that a rule should issue herein directing Lemay Wall to show cause why a judgment should not be rendered herein determining all past due alimony and making some executory for said amount; amicable demand has been made for payment of all past due alimony, without avail."
Relatrix contends that when these two paragraphs are considered together they collectively allege that the defendant made no payments under the judgment of November 4, 1968 and that it is this non-compliance on the part of defendant which constitutes contempt.
It should be noted that Paragraph 7 is the only article in the motion dealing with contempt and Paragraph 8 is the only article in the motion dealing with accrued alimony.
Germane to this discussion is the prayer in relatrix's motion which reads as follows:
"1. Why he should not be held in contempt of this Court for violating the orders and Judgment of this Court dated November 4, 1968.
2. Why judgment should not be rendered herein determining the amount of all due alimony due mover by Lemay Wall under the Judgment of this Honorable Court dated November 4, 1968, and making said past due alimony executory and ordering judgment in favor of Clara Wall and against Lemay Wall for said amount."
and the show cause order issued by the court which reads as follows:
"WHY you should not be held in contempt of this Honorable Court for violating the orders and judgment of this court dated November 4,1968. *50 WHY judgment should not be rendered herein determining the amount of all past due alimony due Clara Wall by Lemay Wall under the Judgment of this Court dated November 4, 1968, making said past due alimony executory and granting judgment herein in favor of Clara Turner Wall and against Lemay Wall for said amount."
While we concede arguendo that Paragraph 8 of the motion may indicate that respondent owed her the sum of $65.00 for each and every month of the effective date of the judgment, this assumption is negated by the prayer and the court order which ask that the amount of past due alimony be determined and an executory judgment be granted following such determination.
While our distinction may appear to be splitting hairs, we are constrained to apply to C.C.P. Article 225, the requirement that the motion for contempt shall allege the facts which are relied upon to constitute contempt. Relatrix's motion, the prayer, and the order of the court do not satisfy the mandatory requirement of C.C. P. Article 225. There is no question in our minds but that Paragraph 7 of the motion is a conclusion of law and nothing more.
Respondent's exception of no cause of action was timely raised and all of his rights during the hearing on the merits were reserved. The evidence offered by plaintiff in support of the motion was properly objected to. The defendant offered no evidence at the hearing.
We also note that during the arguments on the exceptions which included the comments of the district judge, no reference is made to the fact that defendant was cited for contempt because he had made no payments under the judgment. The trial judge did comment that he had the authority to permit an amendment to the motion to cure the objection but that he did not feel that it was necessary. For the reasons stated above, we conclude that this was error and the motion of relatrix should have been amended to particularly allege the facts upon which a judgment of contempt was to be sought.
If a petition is defective and subject to a peremptory exception of no cause of action, it remains defective until such time as it is properly amended and any proceeding thereunder (where the objection is timely made) is for naught.
The conviction of contempt of court subjects the offender to a fine, imprisonment or both. L.R.S. 13:4611. The proceeding by its very nature is quasicriminal and it is for this reason that objections should be viewed carefully, not with the thought of being hypertechnical, but for the purpose of assuring that the party charged is reasonably appraised of each and every facet of the matter which could ultimately lead to a fine or imprisonment. Relatrix now argues that respondent knew at the time he was cited for contempt that he had made no payments under the judgment. This argument begs the question and ignores the express provisions of C.C.P. Article 225. It is not what is in the mind of the offender that is controlling but it is what is alleged in the motion and proved at the trial that gives validity to a judgment of contempt.
In closing we note also that that portion of the judgment directing the sheriff to turn the fine over to the relatrix is without authority in law. Fines collected in civil contempt cases are the same as those collected in criminal matters and are paid to the sheriff for the use and benefit of the local governing authority.
Accordingly, for the above and foregoing reasons that portion of the judgment of the district court finding respondent, Lemay Wall, in contempt of court is reversed, annulled and set aside and this matter is remanded to the district court for the purpose of permitting relatrix to *51 amend her motion and then for a trial on the merits in accordance with the views expressed herein. The cost of court for this writ is assessed against relatrix.
Reversed and remanded.