230 So.2d 420 (1969)
Clara Turner WALL, Relatrix,
v.
Lemay WALL, Respondent.
No. 7945.
Court of Appeal of Louisiana, First Circuit.
December 22, 1969.
Rehearing Denied February 2, 1970.
*421 Anthony J. Roy, of Roy & Roy, Marksville, for relator.
Charles Riddle, of Riddle & Knoll, Marksville, for respondent.
Before LANDRY, SARTAIN and ELLIS, JJ.
*422 SARTAIN, Judge.
This is the second occasion in which we have deemed it necessary to grant a writ of certiorari to review a judgment of the district court finding Lemay Wall, respondent in rule, (respondent) in contempt of court for his failure to comply with a judgment condemning him to pay alimony to Clara Wall, relatrix in rule (relatrix) in the amount of $65.00 per month.
In the first instance, Wall v. Wall, 225 S.2d 47, July 2, 1967, we held that the motion by relatrix to cause the issuance of a rule nisi directed to respondent directing him to show cause why he should not be held in contempt of court for his failure to comply with the judgment of November 4, 1968 was defective and subject to a peremptory exception of no cause of action. We set the contempt conviction aside and remanded the matter to permit relatrix the opportunity to amend her motion and cure the defect. 225 So.2d 47, 51, 52.
On July 3, 1969, relatrix filed the instant rule and specifically charged that respondent had failed to comply with the judgment of November 4, 1968 by his failure to pay alimony due on December 1, 1968, and January 1 through July 1, 1969. The matter was ultimately heard on September 5, 1969. At the beginning of the hearing, respondent filed various motions and exceptions. Each of the motions and exceptions was properly overruled by the trial judge.
Respondent's motion for a continuance and additional time in which to plead and file an answer was without merit. First, no answer is required in response to a rule to show cause (C.C.P. Article 2593).
Secondly, the matter was initially set for hearing on July 21, 1969 and was continued without date at respondent's counsel's own request. Further, respondent argues that three rules were filed in the record and he did not know which one to answer. Two previous rules were voluntarily dismissed by relatrix, leaving only the rule issued July 3, 1969. In the matter of granting continuances, wide discretion is accorded the trial judge. His decision in this regard should not be questioned or modified by us unless there is a clear showing that the trial judge abused this discretion. No such abuse is shown here.
Respondent filed an exception of lis pendens urging the existence of the two previously filed rules. This exception is without merit because we specifically remanded this matter to permit relatrix to amend her motion. Wall v. Wall, supra. The fact that she filed a new motion instead of amending the first one is of no moment.
The exception of no cause of action was again urged and contained the same allegations as the previous one, namely, that it was vague, indefinite and contained only conclusions of law. The exception was properly overruled because in relatrix's new motion she specifically set forth the dates respondent failed to make payments. She clearly remedied the defects noted by us in our original decision.
Respondent's exception of res judicata is premised on his conclusion that in our original opinion when we "reversed and set aside" the finding of contempt, we undoubtedly had in mind the fact that the judgment of November 4, 1968, was made retroactive to January 1, 1968 and that the instant it was signed he was in arrears for $650.00 of alimony. We will discuss the retroactive aspect of the judgment at a point later in this opinion. It suffices now to say that in our original opinion, we made no mention of this point. Accordingly, our first decision cannot support a plea of res judicata at this juncture and the exception urging the same was properly overruled.
Before we can get to the merits, we must dispose of one other item, a motion by relatrix that we recall and vacate the writ issued herein on the grounds that we are without jurisdiction. As authority for *423 the motion, counsel for relatrix properly cited Moity v. Mahfouz, La.App., 137 So. 2d 513, wherein our brethren of the Third Circuit specifically held that Article 7, § 29 of our State Constitution, as amended, limits its supervisory jurisdiction to cases in which an appeal would lie and since there is no appeal from a judgment of contempt (L.R.S. 13:4611), the appropriate remedy for review in such proceedings is to apply to the general supervisory jurisdiction of the Supreme Court. In refusing to review that matter further and with particular reference to the question of jurisdiction our Supreme Court stated (242 La. 625, 137 So.2d 514):
"* * * The errors complained of by relator do not justify this Court in exercising its supervisory jurisdiction. By denying this application for writs we are in no way approving the holding of the Court of Appeal that it is without supervisory jurisdiction. * * *" (Emphasis ours)
Counsel also cites our decision in Weaver v. Weaver, La.App., 181 So.2d 61 (1965, writs refused 1966) wherein we quoted from White v. Louisiana & Arkansas Railway Company, 94 So.2d 95 (1st La.App., 1957) language to the effect that the proper recourse in White was application to the Supreme Court for writs. This was undoubtedly the law at the time of the White decision because it was prior to the passage of Act 561 of 1958, revising the judicial article of the Constitution. However, in Weaver it was not our intention to so limit our jurisdiction. The issue there presented was Weaver's attempt to appeal from a judgment of contempt and we held that remedy by appeal was not available to him.
We think that the better view, in the absence of any statutory or constitutional prohibition to the contrary, is that our supervisory jurisdiction extends to contempt matters if such matters arise out of a case in which we would ordinarily exercise appellate review. If our difference of opinion with the holding in Moity and our distinction between Weaver and the instant case are in error, then our Supreme Court may review the point and resolve the difference.
Now to the matter of the contempt itself. It was stipulated at the beginning of the hearing that respondent had made no payments to his wife. With this stipulation in the record, relatrix rested her case. Respondent in defense of his failure to make any payments offered testimony to the effect that his gross earnings are $218.00 per week with a net take home pay of $98.00 per week. He listed monthly expenses aggregating $325.72, exclusive of gas for an automobile, food and dry cleaning for himself and his present wife. His present wife works one to two days per week and is paid $1.62 per hour.
All of respondent's expenses are incidental to his second marriage and are for such items as car and house notes, utilities, insurance, medicine, etc. The record is also abundantly clear that respondent has made no effort whatsoever to pay relatrix any alimony. He takes the position that after he has paid his regular expenses, he has no funds remaining out of which he can make any payments to relatrix.
Under these facts, respondent is clearly in contempt of court. First, it is well settled that respondent's primary duty is to his first wife and that obligations of a second marriage cannot be used to abrogate this duty. We give respondent full consideration for the fact that he was not called upon to pay alimony to his first wife until a number of years had lapsed between his divorce from her and the subsequent marriage to his present wife. Further, the trial judge found that notwithstanding respondent's present obligations (which he viewed with suspect for lack of corroboration) he has sufficient income to pay the alimony ordered.
While we concur with the finding of contempt, we must hold that the sentence imposed therefor was improper. The *424 judge a quo sentenced respondent to pay a fine of $100.00 and costs and in addition ordered his imprisonment in the parish jail until such time as respondent has "* * * complied with the court's orders of November 4, 1968". The judge further gave respondent an opportunity to purge himself of contempt by making all payments required under the original judgment of November 4, 1968. Execution of this judgment was stayed for fifteen days by the district judge to permit respondent to obtain the instant writ.
C.C.P. Article 224(10) defines constructive contempt of court as any other act or omission (not specifically listed) that is intended to obstruct or interfere with the orderly administration of justice.
The use of contempt proceedings in relation to alimony matters is an accepted and recognized practice. It is properly invoked when the facts clearly show, not necessarily by word but by act or ommission, that a person has without just and proper cause failed to comply with the judgment in the payment of alimony.
L.R.S. 13:4611 (A) provides for punishment for contempt of court. The applicable provisions thereof are either:
"(3) For a deliberate refusal to perform an act which is yet within the power of the offender to perform, by imprisonment until he performs the act; and" (Emphasis ours)
or
"(4) For any other contempt of court, by a fine of not more than two hundred and fifty dollars, or imprisonment for not more than thirty days, or both." (Emphasis ours)
or both.
We agree with the respondent's contention that the trial judge erroneously imposed sentence under Sub-section 3 when he ordered respondent's imprisonment until such time as he complied with the court's order of November 4, 1968, which included the payment of all accrued alimony. This, of course, gives retroactive effect insofar as contempt is concerned to the judgment.
Sub-section 3, in our opinion, is applicable in those cases where an individual refuses to comply with a court order after the rendition thereof and while it is still within the power of the individual to perform the act required by the judgment. It certainly should not apply to a case where a judgment decreeing alimony has been made retroactive for a period of ten months.
Relatrix has commenced proper proceedings for the collection of the alimony due her as a result of the retroactive effect of the judgment of November 4, 1968, by obtaining an executory judgment therefor, instituting garnishment proceedings against respondent, and also seizing other property of respondent.
However, L.R.S. 13:4611 (A) (4) is applicable and it is under this provision that respondent must be sentenced. As shown above, it provides for a sentence of not more than $250.00 or imprisonment of not more than thirty days or both.
The rule before the trial judge which gave rise to the instant writ pertained only to the payments due on December 1, 1968 and January 1 through April 1, 1969, and respondent's failure to make them. The two previous rules which pertained to payments due prior to the signing of the judgment on November 4, 1968, were dismissed at the outset of this cause.
While there is general language in the instant motion about respondent's failure to comply with the judgment of November 4, 1968, we must again conclude that we are only concerned with the five payments specifically mentioned in the motion. We think it would be a rather harsh rule indeed for an alimony judgment which is made retroactive some ten months to form the basis for a citation of contempt on the eleventh month.
*425 It is a different matter, however, with respect to the five payments respondent has failed to make since the judgment was signed. He cannot be heard to complain now that he did not know what the payments were to be. Further, there is no retroactive application of the judgment as to these five payments.
With these facts in mind and applying L.R.S. 13:4611(A) (4), the trial judge may impose a sentence not to exceed $250.00 or thirty days imprisonment or both. The trial judge may also give respondent the opportunity to purge himself of contempt by paying the five payments in question. It is not a resort to "debtor's prison" as suggested by respondent's counsel because the trial judge does not even have to give him the opportunity to purge himself of contempt.
Accordingly, for the above and foregoing reasons, the writ previously issued herein is made peremptory and the judgment of the district court finding the defendant in contempt of court is affirmed but the sentencing therefor is set aside and this matter is remanded to permit the district judge to resentence respondent in accordance with the views herein expressed. Respondent is cast for all costs.
Writ made peremptory, judgment affirmed in part, reversed in part, and remanded for sentencing.
PER CURIAM.
ON APPLICATION FOR REHEARING
Relatrix in her application for a rehearing has assigned four reasons wherein she contends that we erred, any one of which would give justification for a rehearing. We have reviewed the application very carefully and are of the opinion that a rehearing is not warranted, however, in the last five paragraphs of our opinion and particularly five through four of the last five we make reference to the date of the motion as pertaining to payments due on December 1, 1968 and January 1 through April 1, 1969, constituting five payments "specifically mentioned in the motion". This is an inadvertent error on our part because in the third paragraph of the opinion the specific charge against respondent is that he failed to comply with the judgment of November 4, "by his failure to pay alimony due on December 1, 1968 and January 1 through July 1, 1969". These are the correct dates and they comprise eight payments. It is apparent that the reference by us in the main opinion indicating that the last payment was on April 1 thus constituting five payments in arrears was an inadvertent error and bears no relation to the merits of the opinion, the result or the judgment.
Accordingly, we hereby amend our original opinion to show that the last payment due under the motion was that of July 1, 1969, thus making eight payments due and in arrears, which form the basis for citation for contempt then under consideration and wherever in the opinion the date of April 1, 1969 is used it should read July 1, 1969 and wherever "five payments" is referred to it should read "eight payments".
Original judgment amended and motion for a new trial denied.