HALL, Judge.
This appeal is from a judgment of the district court rejecting the demands of the plaintiff-in-rule, Sidney S. Moreland, III, to reduce the amount previously awarded in a separation judgment to defendant-in-rule, Betsy Ann Moreland, for child support. We affirm the judgment of the district court.
The judgment of separation, rendered April 7, 1972, granted the mother the care and custody of the four minor children born of the marriage and ordered the father to pay $300 per month for the support of the children. In December, 1972, plaintiff-in-rule filed a petition to reduce the child support payments to $150 per month alleging changes in circumstances since the original judgment. After trial of the matter, noting that this is a typical case where parties living together can live relatively well, but living separately presents an almost impossible financial situation to both parties, the district court held the previous award was the best the court could do with an insoluble problem and refused to change the amount of the award.
On appeal, the appellant father urges principally that (1) there was never any contradictory hearing on the amount of child support in the original separation proceedings; (2) there have been changes of circumstances in that his income has decreased because he has changed jobs and no longer operates an outside feed business and cattle business, and in that the mother’s income has increased and her expenses have decreased; and (3) the mother as well as the father has the obligation of *268 supporting, maintaining and educating the children.
In the original separation proceedings both parties were represented by counsel and the matter of child support was at issue. The minutes of the court reflect that the amount of child support was fixed after trial and after considering the pleadings, documentary evidence and the testimony of witnesses. Although there is no transcript of' the evidence adduced at the original trial, the record contains affidavits filed at that time by both parties showing their claimed income and expenses. There is no reason in this case not to apply the rule that the original judgment fixing the amount of child support will not be modified unless it is established that there has been a change in circumstances since the original judgment warranting a modification.
The evidence in the present litigation does not support a material change in circumstances warranting a modification of the original judgment. At the time of the original judgment appellant was earning gross wages of $714.60 with net take-home pay of $617.39. At the time of trial of the present suit, although he had changed jobs, his gross wages were $811.69 with take-home pay of $661.76, an increase over his previous earnings. Appellant no longer operates his feed and cattle businesses but the evidence clearly shows that these businesses were previously operated at a net loss and, therefore, there has been no decrease in his earnings in this regard. The mother’s income has increased by only $15 per month, her present gross salary being $455 per month as compared to $440 per month previously. Her take-home pay is $319 per month. The evidence does not reflect any significant difference in the expenses of the parties. There has been no material change in the circumstances of the parties warranting a reduction in the amount of child support.
Appellant is correct in his contention that a working mother also has an obligation to contribute to the support of the minor children born of the marriage. Price v. Price, 272 So.2d 392 (La.App. 1st Cir. 1972) ; Fellows v. Fellows, 267 So.2d 572 (La.App. 3d Cir. 1972); LSA-C.C. Art. 227. This obligation, however, must as in the case of the father, be partially measured by the mother’s ability to pay. Here, as noted by the district court, the $619 available to appellee each month is probably not enough to rear the four children, ages twelve to seventeen, keep them in school and also maintain herself in today’s economy. In all probability a part of her income is being used for the payment of expenses attributable to the children. In any event, the financial burden has been as fairly apportioned as it can be under the circumstances.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.