282 So.2d 157 (1973)
Joan Stuart OURSO
v.
Robert J. OURSO, Jr.
No. 5914.
Court of Appeal of Louisiana, Fourth Circuit.
August 23, 1973.
Barranger, Barranger, Jones & Fussell, Garic Kenneth Barranger, Covington, for relator.
Reed, Reed & Reed, Floyd J. Reed, New Orleans, for respondent.
Before STOULIG, BOUTALL, and SCHOTT, JJ.
*158 STOULIG, Judge.
On application of Robert J. Ourso, Jr., defendant-relator, we granted a writ of certiorari to ascertain the validity of a judgment making executory a contempt sentence of 10 days imposed in a prior judgment rendered more than one year previously, the execution of which had been "continued indefinitely."
A review of the relevant proceedings in the case reflects the following chronology of events: On January 14, 1972, relator was adjudged guilty of contempt of court for failing to comply with an order for the payment of alimony and child support. Imposition of sentence was deferred until February 11, 1972, on which date relator was sentenced to the parish prison for a period of 10 days.
For some reason which does not appear in the record, a judgment was signed on March 6, 1972, which decreed: "* * * that execution of the sentence to confinement previously adjudged on February 11, 1972 be and the same is hereby continued indefinitely." It should be noted there were no conditions attached to the indefinite continuance of execution of the sentence, and therefore we construe such action to constitute a suspension of the sentence without special terms or conditions.
More than one year later, in response to another rule provoked by the wife, the trial court by its judgment dated June 1, 1973, decreed, inter alia, that the 10-day sentence for contempt imposed on February 11, 1972 be made executory forthwith. It is the validity of this judgment with which this writ is concerned.
In its decree of January 14, 1972, the trial court obviously found Mr. Ourso guilty of constructive contempt by his intentional and willful disobedience of its alimony and child support order. LSA-C.C. P. art. 224(2). As a result the relator was subject to the punishment authorized in LSA-R.S. 13:4611 (LSA-C.C.P. art. 227). LSA-R.S. 13:4611(A) (4) prescribes a punishment not to exceed a fine of $250 or imprisonment of not more than 30 days, or both, for the particular type of contempt of which relator was convicted.
Though Mr. Ourso was adjudged guilty of contempt in civil proceedings, once the court imposed the sentence of incarceration for 10 days, the proceedings thereafter assumed the quality of a quasi criminal proceeding and it became subject to the provisions of the Code of Criminal Procedure regulating the execution of sentences.
A court may, under Article 894 of the Code of Criminal Procedure, suspend the imposition or execution of the whole or any part of a sentence upon conviction of a misdemeanor. This is what the court did in effect when it continued indefinitely the execution of the 10-day confinement by Mr. Ourso. However, Article 894 further provides that the suspension of the sentence shall be for a period of one year or less at the discretion of the sentencing judge.
In the instant matter the trial judge did not specify any determinate period and therefore the maximum prescribed of one year must be applied. Thus the power of the trial judge to hold in abeyance the execution of the contempt sentence imposed on Ourso is circumscribed by the maximum statutory period of one year. It therefore follows that the trial court exceeded its authority when it attempted, by the judgment of June 1, 1973, to make executory the 10-day contempt sentence imposed in the judgment of February 11, 1972. This latter judgment would, in effect, enlarge the statutory period from one year to 18 months for the suspension of a sentence in a misdemeanor case. It would be an anomalous situation to have a limitation for the suspension of a sentence in criminal contempt proceedings but an indeterminate or unlimited period for contempt in civil proceedings, particularly where the contemptuous action of which relator is convicted is constructive in character and identically defined both in *159 the Code of Criminal Procedure (Article 23[2]) and Code of Civil Procedure (Article 224[2]). The judgment of June 1, 1973 insofar as it relates to the execution of the sentence of confinement imposed on February 11, 1972 is null and of no effect.
For the foregoing reasons the judgment of the trial court dated June 1, 1973, only insofar as it decrees the execution of the 10-day sentence imposed in the judgment of February 21, 1972, is hereby vacated, annulled, and set aside and the 10-day sentence therein imposed is recalled and rescinded.
Judgment annulled in part and vacated in part.