GULOTTA, Judge.
This is an appeal by the husband from a judgment finding him guilty of contempt for nonpayment of alimony and support, and reducing alimony pendente lite and support payments from $100.00 per week to $75.00 per week. Defendant husband contends that the circumstances of this case warrant a rescission of the contempt order as well as termination of the alimony and support award.
Five children were born of the Grishman marriage. On January 11, 1974, Mrs. Grishman was awarded custody pendente *841 lite of the four minor boys (ages 10, 11, 14 and 16) as well as custody of a little girl (age 4). Alimony pendente lite was set in the sum of $40.00 per week and support for the children was set in the sum of $60.00 per week.
Thereafter, on February 19, 1974, by consent, the custody of the four boys was placed with the father and alimony and support was set in the sum of $100.00 per week. Between the initial alimony award and the September 13, 1974 judgment appealed from, intervening judgments of contempt were rendered against the husband.
The trial judge found, and the record supports the conclusion, that Grishman has a net income of $121.00 per week. Mrs. Grishman’s net income includes $75.00 per week earnings, $75.00 per week alimony and support, and $53.14 per week from a garnishment- of the husband’s earnings, resulting from nonpayment of accumulated alimony and support. The total spendable income of the wife for herself and one child is approximately $203.00 per week.
Conversely, after deducting the $75.00 per week alimony and support payment from Grishman’s net income of $121.00 per week, the husband’s spendable income for support of himself and the four boys amounts to approximately $45.00 per week.
When we consider the comparative earnings and income of the husband and wife, together with the fact that the defendant husband has the custody of and supports four teenage children, and the plaintiff mother has the custody of one younger child, we are compelled to grant the relief sought by the husband.
 While it is well settled in our jurisprudence that great weight is given to the findings and judgments of the trial judge in alimony and support matters and will not be disturbed absent a finding of an abuse of the much discretion rule, nevertheless, it is the responsibility of the appellate court, in reviewing law and fact, to revise a judgment when circumstances warrant such a finding. Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); Micheli v. Toye Brothers Yellow Cab Company, 174 So.2d 168 (La.App., 4th Cir. 1965). Also, we are mindful of the mutual parental responsibility of a mother and father to support and maintain their children. See LSA-C.C. art. 227 and Fellows v. Fellows, 267 So.2d 572 (La.App., 3d Cir. 1972).
Furthermore, we do not overlook the obligation of a working mother to support her minor children. Moreland v. Moreland, 279 So.2d 266 (La.App., 2d Cir. 1973), writ refused, 281 So.2d 749 (La. 1973).
Under the circumstances in the instant case, we conclude the judgment requiring weekly alimony and support payments in the sum of $75.00 per week is unwarranted.
We decline to consider the merits of the contempt order. It is arguable that the appeal from the trial court’s order imposing a jail- sentence is now moot. The six consecutive weekend sentences commencing on September 14, 1974 and ending on October 20, 1974, had been served when the matter was filed with the Court of Appeal on March 26, 1975. Moreover, there exists a line of appellate jurisprudence that a judgment of contempt is not appealable and that the appropriate vehicle for review is by way of supervisory writs. Weaver v. Weaver, 181 So.2d 61 (La.App., 1st Cir. 1965), writ refused, 248 La. 1031, 183 So. 2d 652 (1966); Advertiser, Division of Independent, Inc. v. Tubbs, 199 So.2d 426 (La.App., 3d Cir. 1967); Pearce v. Dozier, 181 So.2d 432 (La.App., 2d Cir. 1965).
We are in agreement with our brothers in the other circuits that the contempt order is not an appealable judgment.
Included in the judgment appealed from is an executory judgment in favor of the wife for past due alimony and support payments. However, the motion for appeal specifies error only in the contempt order and in the alimony and support reduction judgment.
*842 We do not disturb that part of the judgment making past due alimony and support executory.
 An amount of alimony which has become past due is a vested property right of the one to whom it is owed. Unverzagt v. Galjour, 182 So.2d 140 (La.App., 4th Cir. 1966); Rodriguez v. Rodriguez, 245 So.2d 765 (La.App., 4th Cir. 1971). We cannot disturb the executory judgment because no modification was sought and obtained from the alimony award upon which the execu-tory judgment was based. Sampognaro v. Sampognaro, 222 La. 597, 63 So.2d 11 (1953); Duplechan v. Duplechan, 270 So.2d 264 (La.App., 3d Cir. 1972).
Accordingly, that part of the judgment ordering alimony and support payments is reversed. Alimony and support payments are terminated effective October 1, 1975.[1] That part of the judgment which awards an executory judgment against the husband for accrued past alimony and support is affirmed.

Affirmed in part; reversed in part.

. This judgment does not prohibit the rendition of a later order requiring Grishman to pay support and/or alimony payments upon a showing of a change of circumstances sufficient to warrant rendition of such an order.