352 So.2d 370 (1977)
Bernadine Caruso ROSSELLI
v.
Dominick F. ROSSELLI, Jr.
No. 8438.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1977.
Tonry, Mumphrey & D'Antonio, James C. Wilbert, Chalmette, for Bernadine Caruso Rosselli, plaintiff-appellee.
Thomas E. Stirewalt, Jr., McPherson & Abadie, New Orleans, for Dominick F. Rosselli, Jr., defendant-appellant.
Before SAMUEL, REDMANN, and BOUTALL, JJ.
BOUTALL, Judge.
This is an appeal from a judgment finding Dominick F. Rosselli, Jr. in contempt of court for failure to pay alimony and child support as ordered and imposing a six month sentence. His appeal raises 2 issues: 1.) Whether the trial court abused its discretion in finding him in contempt of court for failure to pay; and 2.) whether the trial court abused its discretion in sentencing him to serve 6 months in jail, together with other conditions of sentence.
On the first issue, the record discloses, and the defendant admits, that he is in arrears in the total sum of $1,055.00 during the relevant period, and that he never paid the full amount due on any regularly scheduled payment. In an attempt to exculpate himself, the defendant asserts that it is not *371 within his power to make the payments, because his hair cutting business failed and he is now working on a limited salary. However, his further testimony in the case was to the effect that in some unexplained manner his girl friend took over ownership of the business and simply hired him as manager. The trial judge was totally unimpressed with this testimony and found defendant in contempt. We find no error and we affirm the finding of contempt.
On the second issue, the amount of the sentence, we do find that the trial judge exceeded his authority in imposing a 6 month jail term. We note the trial judge's expressions in connection with the imposition of sentence, particularly that this was the fourth proceeding for contempt, and that he had been very patient in attempting to avoid sending defendant to prison, but we note that the sentence was apparently imposed under the wrong section of the contempt statute. C.C.P. Article 224(2) sets out that a constructive contempt of court is willful disobedience of any lawful judgment, order, mandate, writ or process of the court. Article 227 provides for punishment in accordance with R.S. 13:4611. The appropriate punishment is that found in subsection 4 of section 4611:
"(4) For any other contempt of court, by a fine of not more than two hundred and fifty dollars, or imprisonment for not more than thirty days, or both."
See Ourso v. Ourso, La.App. 4th Cir., 282 So.2d 157; Wall v. Wall, La.App. 1st Cir., 230 So.2d 420; Compton v. Bertaut, La.App. 4th Cir., 348 So.2d 78. The sentence imposed is beyond that permitted under the statute and cannot be imposed for this type of contempt. Accordingly, we must set aside and annul the sentence of contempt and remand the matter to the trial court in order that he may sentence the defendant not in excess of the limit set by the statute.
Defendant also contests the authority of the trial judge to additionally provide that the sentence may be suspended in the event that defendant purge himself by paying a stated sum of arrearage and then placed on probation with the condition that he continue to maintain the regular payments. In view of our ruling that the sentence is null, we make no ruling hereon but refer the parties to the statements of the court in the cases of Ourso and Wall, supra.
For the reasons above stated, the judgment of the trial court is affirmed insofar as it finds the defendant in contempt of court, but is annulled and set aside insofar as the sentence imposed. This matter is remanded to the trial court for the imposition of sentence in accordance with L.R.S. 13:4611(4) and the views expressed in this opinion.
AFFIRMED IN PART,
ANNULLED AND REMANDED IN PART.