SCHOTT, Judge.
This is an appeal by John Michael Jones from a judgment holding him in contempt of court for failing to comply with a previous judgment obliging him to pay various sums for the benefit of his minor children. The principal issue is whether the trial judge committed manifest error in rejecting appellant’s defense that he was financially unable to comply with the previous judgment and in finding he was guilty of wilful disobedience.
The previous judgment was rendered by consent of the parties in February, 1983 pursuant to a stipulation. It obliged appellant to place in trust for the benefit of his minor children a house in Georgia and to remove or keep current three mortgages on the property so as to avoid foreclosure. In *1188 March, 1985 Mrs. Jones, appellee, filed a rule to have appellant held in contempt for failing to pay the mortgages with the result that the property was being foreclosed upon. Following a hearing the trial court made the contempt rule absolute and sentenced appellant to fifteen days in Parish Prison suspending the sentence on conditions 1) that he pay appellee $15,771 twenty days of the judgment’s date, 2) that he pay off the balance of the first mortgage within one-hundred and twenty days, and 3) that he “take whatever steps as are necessary to gain forbearance of the Hibernia National Bank from attempting to foreclose its alleged mortgage or deed of trust on the residence of the said children in Atlanta, Georgia.”
Appellant paid off the second mortgage in November, 1983 but he failed to keep the first mortgage current with the result that the mortgage holder threatened foreclosure. This was averted when appellee’s father purchased the first mortgage note. Appellant had operated a boat business serving the offshore oil industry. With the economic downturn in the business appellant's fortunes rapidly declined. Between the dates of the two judgments appellant managed to avoid bankruptcy, despite adverse judgments of twelve million dollars, by selling assets, borrowing, refinancing, and stalling creditors. However, he also managed to save a beach front home in Florida, to live in a $2,300 per month rented house in Kenner, to acquire new vehicles, and to maintain a fairly impressive lifestyle in the meantime. We are satisfied that the record supports the trial court’s ultimate conclusion that appellant failed to keep the first mortgage on the Georgia house current in disobedience of the first judgment and that such disobedience was wilful in that it represented a decision to place other debts, both business and personal, ahead of this first mortgage. Accordingly, we would affirm the judgment.
In reaching this decision we are not unmindful of the fact that following the rendition of the judgment now on appeal, appellant applied to this court for the exercise of our supervisory jurisdiction with respect to such judgment. In refusing writs we stated:
Considering that the essential facts recited by the trial judge have not been challenged and that such facts do support a finding of guilt of contempt as a matter of law the excerise of our supervisory jurisdiction is not warranted.
In the face of this action we might be inclined to dismiss this appeal summarily on the principle that appellant has already had his day in this court or that our action on his writ application is the law of the case now before us. However, since our affirming the judgment has the same practical effect as our earlier action had, we were inclined to give this appeal a full review including a careful review of the transcript which was not heretofore available to us, despite some reservations that appellant was not entitled to such a review as a matter of law.
We also note that this court held in Grishman v. Grishman, 322 So.2d 840 (La. App. 4th Cir.1975) that a contempt order is not an appealable judgment; but this problem was not discussed in Rossetti v. Rosselli, 352 So.2d 370 (La.App. 4th Cir.1977). In any event, we do not dismiss this appeal since the question was not raised by the appellee and since an affirmation of the judgment achieves the same practical result as would flow from a dismissal of the appeal.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.