DUFRESNE, Judge.
This appeal arises from a judgment making past due support awards executory and holding the former husband in contempt of court.
Sung Tae Yi (husband) and O Sook Yi (wife) were married on September 26, 1982, and lived in this marital union for 15 months during which one child was bom. Shortly thereafter the parties separated and Mr. Yi sued for divorce. At time of trial the lower court granted Mr. Yi his divorce and ordered him to pay $1200.00 in monthly support. This judgment was appealed and has been affirmed by a panel of this court.
Because Mr. Yi failed to comply with the judgment, the lower court found him in contempt and made the past due support executory. The record reflects that the parties stipulated that he was in arrears in the amount of $8,310.00.
Consequently, the trial court held that he was in contempt of court and sentenced him to sixty (60) days imprisonment in the Jefferson Parish Correctional Center if the arrearage was not paid in full within ten days. Additionally, the trial court awarded $250.00 attorney’s fees, interest and all cost to be paid by Mr. Yi.
From this judgment he has appealed asserting the trial court erred in holding him in contempt when there was insufficient evidence presented. We disagree, and affirm.
Mr. Yi argues that although the parties stipulated that $8,310.00 was in arrears, this standing alone in the absence of other evidence was insufficient to prove that his conduct was wilful disobedience and without justifiable cause.
Furthermore, he contends that a contempt proceeding is quasi-criminal, as such the instances of noncompliance with the court’s order must be precisely and explicitly set out so that the party cited to appear may know the charges against him.
Mr. Yi further asserts that he could not comply with the support order of $1200.00 *1204 because it exceeded his monthly income of $700.00. As a result, he “rendered” his own ruling and decided that $270.00 per month was sufficient compliance with the court order. Basically his defense rests upon his alleged lack of financial resources. Allowing Mr. Yi to pay what he wants to pay and when he desires to pay regardless of a court order, would create a mockery of our judicial process.
Additionally, Mr. Yi was adequately informed of the specific changes against him. The wording of the rule and order nisi clearly sets out a present amount due as of date of filing and further refers to whatever greater or lesser sum may be found due and owing on the date of hearing. This takes into consideration the additional support which may have accrued or payments which may have been made between the filing date and the hearing date.
The rule for executory judgment and contempt further contained an order for Mr. Yi to produce all cancelled checks, receipts or other evidence of payments made in compliance with the previous support order. A comparison of those checks against the court order would disclose the dates and amount of arrearage if any.
Mr. Yi was in the superior position of knowing precisely the dates and amount of his non-compliance with the court’s order. The responsibility is on him to comply with the exact amount and date indicated in the court order. Furthermore, Mr. Yi did not attempt any pre-trial discovery in order to ascertain the precise extent of any arrear-age, nor did he file any exception of vagueness or ambiguity.
Here, Mr. Yi has not shown proper payment, legal excuse for nonpayment, or absolute or relative nullity of judgment. Civil contempt proceedings are governed by C.C.P. Arts. 221-227 and R.S. 13:4611. Mr. Yi was ordered to pay $8,310.00, together with interest and costs, as well as $250.00 attorney’s fees, and was sentenced to 60 days in jail, suspended upon his paying the past due amount within 10 days from the date of the judgment. In view of Mr. Yi’s blatant refusal to comply with the court order, we find no abuse of discretion, Wall v. Wall, 230 So.2d 420 (La.App. 1st Cir.1969).
We find that Mr. Yi’s conduct constituted wilful disobedience done intentionally, knowingly and purposefully and without justifiable excuse, Nelson v. Nelson, 421 So. 366 (La.App. 1st Cir.1982).
Accordingly, we find the judgment of the trial court was absent of error and affirm for the reasons assigned above.
AFFIRMED.