666 So.2d 1252 (1996)
HILL WHOLESALE DISTRIBUTING CO., INC., Plaintiff-Appellee,
v.
LOUIS W. HOWAT & SON, et al., Defendant-Appellant.
No. 27936-CA.
Court of Appeal of Louisiana, Second Circuit.
January 24, 1996.
*1253 Frank H. Spruiell, Jr., Shreveport, for Plaintiff-Appellee.
Robert U. Goodman, Shreveport, Robert L. Raymond, Destrehan, for Defendant-Appellant, Howat & Son, Inc.
Blanchard, Walker, O'Quin & Roberts, Shreveport by Paul M. Adkins, for Defendant-Appellant, E.I. Du Pont De Nemours and Company.
Before MARVIN, HIGHTOWER and GASKINS, JJ.
MARVIN, Chief Judge.
In this action alleging unfair trade practices and breach of contract by a Shreveport corporation (Hill) against its supplier, Howat, a New Orleans corporation, Howat appeals a judgment rejecting its reconventional demands for the balance on an open account that Hill allegedly owed Howat and for costs, damages and attorney fees under the unfair trade practices law, LRS 51:1409. The judgment also rejected Hill's main demand. Hill does not appeal or answer Howat's appeal.
In its main action Hill had contended that the account it owed Howat was "compensated" because the product samples and display materials sold to Hill still remained in the hands of dealers and distributors, who were former customers of Hill that Howat continued to supply and to serve after the contract between Hill and Howat was terminated. Hill alleged in its petition that it was entitled to a declaratory judgment that any amounts due on open account were extinguished by compensation.
Moreover, Hill formally stipulated with Howat in the trial court as follows:
As a consequence of the Judge's instructions, the parties to this litigation submit the following stipulation for use at the trial of this matter.
1. LOUIS W. HOWAT & SON, INC. ("Howat"), at all relevant times was an authorized distributor of the Corian product line manufactured by E.I. Du Pont de Nemours and Company, Inc. ("du Pont").
2. Hill Wholesale Distributing Co., Inc. ("Hill") became an associate or sub-distributor by virtue of an oral agreement with Howat in September, 1989.
3. The oral agreement between Howat and Hill contained no specified term as to days, weeks, months or years.
4. Hill declined to become a certified fabricator of the Corian product line subsequent to Nov. 1, 1991.
5. The remaining outstanding balance owed on open account to Howat for Corian purchases by Hill from Howat is Twelve Thousand Six Hundred Ten and 14/100 Dollars ($12,610.14).
Hill contends that it did not stipulate that it was liable to Howat for the amount of the open account under the facts of the case and urges that Howat produced "no evidence to support the underlying ... claim on open account." The plea of compensation in the main demand and the stipulation, however, established liability.
Insofar as the judgment rejects Howat's demand on the account, we reverse that part of the judgment and render judgment for Howat.

DISCUSSION

Reconventional Demand.
Included in Howat's reconventional demand are claims for interest, costs and attorney fees of 25 percent.

Effect of Stipulation.
A stipulation has the effect of binding all parties and the court. R.J. D'Hemecourt Petroleum v. McNamara, 444 So.2d 600 (La. 1983); Harris v. West Carroll Parish School Bd., 605 So.2d 610 (La.App. 2d Cir.1992), writ denied; State, Dept. of Transp. & Dev. *1254 v. Clark, 548 So.2d 365 (La.App. 2d Cir.1989), writ denied.

Effect of Pleading Compensation.
Compensation takes place by operation of law when two persons owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are liquidated and presently due. LCC Art. 1893.
For compensation to be applicable, two distinct debts, equally liquidated and demandable, must exist contemporaneously. Hartley v. Hartley, 349 So.2d 1258 (La.1977); Coburn v. Commercial Nat. Bank, 453 So.2d 597 (La.App. 2d Cir.1984).
One who claims set-off or compensation necessarily admits the debt sued upon. Tolbird v. Cooper, 243 La. 306, 143 So.2d 80 (1962); Pillsbury Mills v. Chehardy, 231 La. 111, 90 So.2d 797 (1956).
Having pleaded compensation and stipulated to the existence of an outstanding balance on the open account, and the amount thereof, Hill has necessarily admitted that it owes the debt of $12,610.14. The plea of compensation and the stipulation relieved Howat of the burden of proving the existence of the obligation and placed the burden of proving the extinguishment of that obligation on Hill. LCC Art. 1831 states:
A party who demands performance of an obligation must prove the existence of the obligation.
A party who asserts that an obligation is null, or that it has been modified or extinguished, must prove the facts or acts giving rise to the nullity, modification, or extinction.
This record lacks evidence to establish that Howat owed Hill a sum of money, liquidated and presently due. LCC Art. 1893.
Hill argues that it believed the associated distributorship agreement with Howat would continue as long as Hill satisfied Howat's requirements regarding sales, marketing, and inventory. Hill states it purchased the display samples and products based on that belief. Hill asserts that because the associate distributorship relationship was terminated by Howat, that Hill should not now be made to pay for the display samples and materials in the hands of retailers.
The trial court found that "Howat's termination of the agreement ... was a reasonable business judgment predicated upon good cause[.]" The trial court also stated "Hill remain[s] indebted to Howat in the sum of $12,610.14." The judgment correctly rejects Hill's claims of compensation and demands. Hill did not answer Howat's appeal of the judgment rejecting Howat's reconventional demands or appeal the judgment rejecting Hill's main demands. We address only the issues raised in Howat's appeal.
The trial court erred in finding, however, "[t]he Reconventional Demand filed by Howat against Hill, is denied inasmuch as it was not proven by a preponderance of the evidence." The trial court and this court are bound by the law and the stipulation as we have discussed above.
Howat is entitled to reasonable attorney fees for collection of the debt owed under LRS 9:2781. Most of the legal work apparent in the record for Howat was defending against the main demand rather than proving the reconventional demand. We find that $500 is a reasonable attorney fee.

Costs and Fees for Bad Faith.
Howat also assigns as error the trial court's denial of its claim for damages, expenses, court costs, and attorney fees under the Unfair Trade and Consumer Protection Act.
LRS 51:1409 provides in pertinent part:
Upon a finding by the court that an action under [the unfair trade and consumer protection] section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney's fees and costs.
The fact that Hill's demands were rejected does not mean the action was groundless, or brought in bad faith, or brought for purposes of harassment. The trial court's finding that Howat did not prove by a preponderance of *1255 the evidence that Hill acted in bad faith or for purposes of harassment is not clearly wrong. Even if that finding were clearly wrong, the statutory provision for fees and costs is discretionary. On this record, we cannot say the trial court abused its discretion. We shall not award attorney fees and costs under the Consumer Protection Act.

DECREE
The judgment of the trial court, insofar as it rejected Howat's reconventional demand on the open account, is REVERSED and judgment is hereby RENDERED in favor of Howat and against Hill for $12,610.14 with legal interest as the open account statute provides, together with reasonable attorney fees of $500. Costs of this appeal are assessed to the appellee, Hill.