687 So.2d 1109 (1997)
Rhonda M. ADKINS, Plaintiff-Appellee,
v.
Kerry W. ADKINS, Defendant-Appellant.
No. 29,088-CA.
Court of Appeal of Louisiana, Second Circuit.
January 31, 1997.
*1111 Francis M. Gowen, Jr., Shreveport, for Appellant.
Rhonda W. Adkins, in pro. per.
Before WILLIAMS, STEWART and CARAWAY, JJ.
STEWART, Judge.
Defendant-appellant, Kerry W. Adkins, appeals the trial court's judgment finding him in constructive contempt, and awarding Rhonda M. Adkins, plaintiff-appellee, a money judgment in the amount of $3200.00. Appellant asserts five assignments of error. For these reasons, we affirm in part; reverse in part; and remand for the taking of additional evidence.

FACTS
On September 6, 1990, the trial court entered a judgment of separation of the marriage of appellant, Kerry W. Adkins ("Kerry") and Rhonda M. Adkins ("Rhonda"). In the judgment of separation, Rhonda was designated the domiciliary parent with specified visitation for Kerry. In search of employment, Rhonda moved to Colorado. By that, she and Kerry entered into a consent judgment where they amended the previous joint custody plan, to a joint custody with Kerry as the domiciliary parent. On December 14, 1994, in a judgment on the rule, the trial court awarded Rhonda specified visitation which consisted of:
Summer: During the year 1994, from June 25th until July 25th. Thereafter in even numbered years, from June 15th through July 15th, and in odd numbered years from July 10th through August 10th.
Christmas: In even numbered years from 12/20th through 12/29th.
Spring Break: On even numbered years from the time school is out until the day before school is to resume.
Miscellaneous: With reasonable notice, at any other time mutually agreeable to the parties when Rhonda M. Adkins is visiting in the area of the children's domicile or the children are visiting in the area of Rhonda M. Adkin's domicile.
Rhonda exercised her June 1994 summer visitation. Yet in a letter dated September 14, 1994, she wrote to Kerry, "I am revoking my rights for visits with the kids unless they want to come here." Rhonda failed to visit the children during Christmas 1995, nor did she inform Kerry that she would not exercise her Christmas visitation.
In July of 1995, Rhonda sought summer visitation with the children. During the year 1995, her visitation began on July 10 and ended August 10. Rhonda contacted Kerry on July 11, 1995, and notified him that she *1112 would exercise her visitation. As the tenth fell in the middle of the week, Rhonda decided to come to Louisiana on July 12th, visit with the children two days prior, and leave on July 14th.
When Rhonda came to Louisiana, she was unable to pick up the children. Two days later, she filed a Motion for Civil Warrant requesting that law enforcement officers accompany her to Kerry's home to get the children. The trial court ordered the issuance of a civil warrant, ordering Kerry to release the minor children for summer visitation with their mother. The children were not available pursuant to the civil warrant. Due to her employment, Rhonda was forced to return to Colorado. Again, she returned to Louisiana to assert her visitation. Kerry sought to recall the civil warrant, and the trial court subsequently denied his request.
Kerry countered the issuance of the civil warrant with a Rule Nisi for Contempt of Court, To Accrue Past Due Child Support, For Restricted Visitation, To Recall Civil Warrant and For an Award of Attorney's Fees. On July 18, 1995, pursuant to Rhonda's Motion for Criminal Warrant, Kerry was arrested.
A hearing was held on July 27, 1995, where the trial court rendered a Judgment on Rule awarding past due child support, attorney's fees, and a ruling finding Rhonda in contempt. The judgment provided: a) money judgment in favor of Kerry for $4,593 for past due child support; b) attorney fees for $600 awarded to Kerry; c) Rhonda was found in contempt and sentenced to thirty days, suspended upon paying $2000 within thirty days of the rendition of the judgment.
On February 29th and March 1, 1996, a hearing was held on Rhonda's Rule for Contempt, and For Modification of Specified Visitation. The trial court concluded that:
a) Kerry was in contempt for violation of the visitation order;
b) Kerry was adjudged to pay $700.00 for Rhonda's travel expenses
c) Kerry was condemned to pay $2500.00 attorney fees to Rhonda
d) The travel expenses and attorney's fees ($3200) were subject to payment within 10 days or Kerry would serve 90 days in jail; and
e) Kerry's offset or counter claim as contained in a money judgment dated July 27, 1995, against Rhonda of a sum sufficient to offset most, if not all, of Rhonda's money judgment was denied.

ASSIGNMENT OF ERROR NO. 1
Kerry contends that the trial court abused its discretion in finding him to be in contempt of court for violation of the visitation order. He contends that he cannot be found in constructive contempt where he did not willfully violate a lawful judgment or order.
The wilful disobedience of any lawful judgment or order of the court constitutes a constructive contempt of court. Contempt proceedings in civil cases are regulated by La.C.C.P. Art. 221-227 and La.R.S. 13:4611. La.C.C.P. art. 224 provides in pertinent part:
A constructive contempt of court is any contempt other than a direct one.
Any of the following acts constitute a constructive contempt of court:
* * * * * *
(2) Wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court;
La.C.C.P. art. 227 provides:
A person may not be adjudged guilty of a contempt of court except for misconduct defined as such, or made punishable as such, expressly by law. The punishment which a court may impose upon a person adjudged of contempt of court is provided in La.R.S. 13:4611.
La.R.S. 13:4611 provides in pertinent part:
Except as otherwise provided by law:
(1) The supreme court, the courts of appeal, the district courts, family and city courts may punish a person adjudged guilty of contempt of court therein, as follows:

* * * * * *
(4) For any other contempt of court, including disobeying an order for the payment of child support or alimony or an order for the right of visitation, by a fine of *1113 not more than five hundred dollars, or imprisonment for not more than three months, or both.
A civil warrant was issued on July 14, 1995, ordering Kerry to release the children for summer visitation with their mother. Kerry incorrectly argues that the trial court unlawfully issued the warrant, as it is not within the provisions of La.R.S. 9:343. However, the trial court did have the authority to impose a contempt judgment under R.S. 13:4611(1)(d).
Kerry was found in contempt for violation of the order for the July 10August 10 visitation under the authority of R.S. 13:4611(1)(d). The trial court found that the June 23, 1994, order provided Rhonda visitation rights between July 10th and August 10th. However, at the trial of this matter, a letter from Rhonda dated September 14, 1994, was introduced into evidence. The letter contained the statement: "I am revoking my rights for my visits with the kids unless they want to come here." Subject to this letter, Rhonda failed to visit or notify the children that she would not exercise her 1994 Christmas visitation.
Kerry argued that the letter successfully revoked Rhonda's rights to visitation. Conversely, the trial court found that Rhonda properly notified Kerry that she intended to exercise summer visitation. Furthermore, Kerry was aware that Rhonda would be delayed until July 14th. Without a court-ordered modification of the June 23, 1994, judgment, Rhonda was entitled to exercise her visitation rights from July 10th and each day thereafter.
The law recognizes the noncustodial parent's entitlement to reasonable visitation unless it is shown it would seriously endanger the child's mental, moral, or emotional health. Maxwell v. LeBlanc, 434 So.2d 375 (La.1983). In visitation matters, as in custody, much discretion is vested in the trial judge and the trial judge's decision will not be disturbed absent an abuse of the discretion. Stephenson v. Stephenson, 404 So.2d 963 (La.1981); Bordelon v. Bordelon, 390 So.2d 1325 (La.1980). The trial court awarded Rhonda specific visitation. Without a modification of the trial court's judgment, Rhonda was entitled to continued visitation from July 10th to August 10th.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
Next, Kerry contends that the trial court erred in finding him in constructive contempt of court without specifying the facts constituting contempt as mandated by La.C.C.P. art. 225(B), which provides in pertinent part:
B. If the person charged with contempt is found guilty the court shall render an order reciting facts constituting the contempt, adjudging the person charged with contempt guilty thereof, and specifying the punishment imposed.
Kerry asserts that from the transcript of the hearing, specifically March 1, 1996, the trial court's statements as to which court order Kerry violated are unclear. Therefore, the court's failure to recite facts constituting contempt would mandate a reversal of a judgment of constructive contempt. See, David Peterson Contracting v. Webster Speedway, Inc., 27, 427 (La.App. 2d Cir. 1995), 661 So.2d 654.
After careful review of the record, this court does not denote the ambiguity which the appellant claims. Obviously, the trial court was referencing the 1994 judgment when it stated, "... you have a responsibility of having these children available for visitation." Further, "... with the fact that the visitation order says she has the right to visit them during then, they should have been available for her to pick up, take back to Colorado." The contempt statutes must be strictly construed. Brown v. Brown, 493 So.2d 671 (La.App. 2d Cir.1986). Therefore, we cannot conclude that the trial court was clearly wrong.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NOS. THREE AND FOUR:
Continuing, the appellant contends the trial court's sentence and punishment for contempt of court was illegal due to excessiveness, and the award of attorney's fees and travel expenses subject to payment in ten *1114 days was an unjustified requirement that the offender pay a money judgment, not child support or alimony, as a condition of not serving a jail sentence.
Once a criminal sentence is imposed in a contempt proceeding ancillary to a civil proceeding, the proceeding assumes the quality of a criminal or quasi-criminal proceeding. Fontana v. Fontana, 426 So.2d 351 (La.App. 2d Cir.1983); Ourso v. Ourso, 282 So.2d 157 (La.App. 4th Cir.1973). After the imposition of a sentence in a contempt proceeding, the proceeding becomes subject to the provisions of the Code of Criminal Procedure regarding the execution of sentences. Ourso v. Ourso, supra; Goins v. Goins, 437 So.2d 947 (La.App. 2d Cir.1983).
La.C.Cr.P. Art. 894 provides in pertinent part:
A. (1) Notwithstanding any other provision of this Article to the contrary, when a defendant has been convicted of a misdemeanor, except criminal neglect of family, the court may suspend the imposition or the execution of the whole or any part of the sentence, imposed, provided suspension is not prohibited by law, and place the defendant on unsupervised probation or probation supervised by a probation office, agency, or officer designated by the court, other than the division of probation and parole of the Department of Public Safety and Corrections, upon such conditions as the court may fix. Such suspension of sentence and probation shall be for a period of two years or such shorter period as the may specify.
La.C.Cr.P. Art. 895 provides in pertinent part:
A. When the court places a defendant on probation, it shall require the defendant to refrain from criminal conduct and to pay a supervision fee to defray the costs of probation supervision, and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following:
A defendant is not entitled to a suspension of sentence in a contempt proceeding. However, he is a beneficiary of the court's clemency when a suspended sentence is imposed. Kerry was sentenced to ninety days in the Bossier Parish jail. The sentence was suspended based on the following special conditions. Kerry was required to pay Rhonda's expenses for lodgings, the change of airline tickets, and the purchase of extra tickets totaling $700.00. Therefore, the trial court assessed an amount of $700.00 to compensate Rhonda. In addition, $2500.00 in attorney fees were assessed, with a total of a $3200.00 judgment awarded to Rhonda subject to payment in ten days, or serve ninety days in jail.
According to La.R.S. 9:375(B), it was well within the boundaries of the trial court to authorize the $3200.00 judgment. Rhonda filed a rule on July 17, 1995, pleading her entitlement to the costs of additional airfare and attorney's fees. R.S. 9:375(B) provides in pertinent part:
B. When the court renders judgment in an action to enforce child visitation rights it shall, except for good cause shown, award attorney's fees and costs to the prevailing party.
The trial court was not clearly wrong in awarding a $3200.00 judgment to Rhonda. Clearly, this was an action to enforce child visitation rights.
These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. FIVE:
Finally, Kerry argues that the trial court erred by disallowing appellant's set-off or compensation plea. Prior to the taking of testimony, counsel for the appellant submitted a handwritten plea of compensation or set-off specifically pleading as set-off against "any sums determined owed Rhonda W. Adkins, sums due Kerry W. Adkins, sums due Kerry W. Adkins in the Judgment rendered against Rhonda Adkins (Westbrook) on July 27, 1995, and signed August 15, 1995." The plea was filed prior to the beginning of the hearing, but was subsequently denied by the trial court.
La.C.C. art. 1893 provides in pertinent part:
Compensation takes place by operation of law when two persons owe to each other sums of money or quantities of fungible *1115 things identical in kind, and these sums or quantities are liquidated and presently due.
Based upon the statute, the trial court was clearly wrong in denying the plea of set-off or compensation. At the time of the denial, two distinct debts existed, Kerry's money judgment and Rhonda's arrears in child support. Both debts were equally liquidated and demanded and both existed contemporaneously. Clearly, the parties were entitled to a plea of set-off or compensation. La.C.C. art. 1893; See, Hill Wholesale Distributing Co., Inc. v. Howat & Son, et al., 27, 936 (La.App. 2d Cir. 1/24/96) 666 So.2d 1252. The trial court's judgment is reversed.
However, a thorough search of the record does not reveal the actual amount Rhonda was subject to pay. She did testify that her wages were being garnished, but the appellant failed to testify or present proof of the amount of Rhonda's arrears in child support. Therefore, we remand this action to the trial court for the presentation of additional evidence as to the amount of child support due, the present payment amount, as well as a credit for garnishments.

DECREE
The trial court's judgment is affirmed in part; reversed in part; and remanded for the taking of additional evidence consistent with this opinion. Costs are assessed to the appellant.
Affirmed in part; Reversed in part; and Remanded.