363 So.2d 511 (1978)
STATE of Louisiana
v.
Wilman E. GUILLORY, Jr.
Nos. 61943, 61944.
Supreme Court of Louisiana.
October 9, 1978.
Jack Rogers, Lake Charles, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., Nick Pizzolatto, Jr., Asst. Dist. Atty., for plaintiff-respondent.
DIXON, Justice.
Wilman E. Guillory, Jr. was charged in two separate bills of information with simple burglary, in violation of R.S. 14:62, and theft, in violation of R.S. 14:67. On November 12, 1974 he pleaded guilty to both charges and was sentenced to concurrent sentences of two years at hard labor on the burglary charge and one year at hard labor on the theft charge. Execution of the sentences was suspended and the defendant was placed on supervised probation for a period of two years to end on November 12, 1976. C.Cr.P. 893.
On October 19, 1976 Guillory was charged with violating the conditions of his probation and was brought before the court for a violation hearing pursuant to Articles 899 and 900 of the Code of Criminal Procedure. At the hearing defendant stipulated that the probation officer's report was true and admitted having violated the terms and conditions of his probation. The court modified the conditions of the defendant's probation and extended the probation term for an additional two years.
On January 24, 1978 defendant was brought before the district court as a probation violator. Guillory admitted the violation, and the district court subsequently revoked his probation and committed defendant to serve the original sentence imposed. Defendant's application to this court under our supervisory jurisdiction was granted, 359 So.2d 633 (La.1978). The defendant asserts one assignment of error to vacate the revocation of probation and the imposition of the prison sentence.
Defendant's contention is that the trial court is not authorized to extend the period of probation beyond that period initially established. Therefore, according to Guillory's position, his probation expired on November 12, 1976, and the revocation hearing held on January 24, 1978 was without effect because it occurred after the original period of probation expired.
Under the terms of Article 900 of the Code of Criminal Procedure, a trial judge who discovers a violation of a condition of probation may take one of several steps to rectify the situation:

*512 "After an arrest or service of a summons pursuant to Article 899, the court shall cause the defendant to be brought before it without unnecessary delay for a hearing. The hearing may be informal or summary. If the court decides that the defendant has violated, or was about to violate, a condition of his probation it may:
(1) Reprimand and warn the defendant;
(2) Order that supervision be intensified;
(3) Add additional conditions to the probation; or
(4) Order that the probation be revoked. In the event of revocation the defendant shall serve the sentence suspended, with or without credit for the time served on probation in the discretion of the court. If the imposition of sentence was suspended, the defendant shall serve the sentence imposed by the court at the revocation hearing."
Clearly subsections (1) and (2), which concern reprimands and intensified supervision, cannot be relied upon by the State as authority to extend a period of probation. Under subsection (4) the trial court is authorized to impose sentence on the probation violator, but only if the imposition of the sentence, and not its execution as in the instant case, was suspended by the trial court. Therefore the issue becomes whether the extension of the probation period by two additional years can be considered an "additional condition" added to the probation within the purview of subsection (3).
The provisions of Article 895 detail the types of conditions which can be imposed on probation:
"A. When the court suspends the imposition or execution of sentence and places a defendant on probation, it shall require the defendant to refrain from criminal conduct and it may impose any specific conditions reasonably related to his rehabilitation, including any of the following:
That the defendant shall:
(1) Make a full and truthful report at the end of each month;
(2) Meet his specified family responsibilities;
(3) Report to the probation officer as directed;
(4) Permit the probation officer to visit him at his home or elsewhere;
(5) Devote himself to an approved employment or occupation;
(6) Refrain from owning or possessing firearms or other dangerous weapons;
(7) Make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court;
(8) Refrain from frequenting unlawful or disreputable places or consorting with disreputable persons; or
(9) Remain within the jurisdiction of the court and get the permission of the probation officer before any change in his address or his employment.
B. In felony cases, an additional condition of the probation may be that the defendant shall serve a term of imprisonment without hard labor for a period not to exceed one year.
C. The defendant shall be given a certificate setting forth the conditions of his probation and shall be required to agree in writing to the conditions."
In Article 895, the word "condition" appears to relate to stipulations exacted from the probationer concerning his conduct during the probationary period; no reference is made to an extension of any period of time as a condition of probation. Moreover, the silence of Article 895 on this matter has added relevance in light of the provisions of Article 893 which state in pertinent part: "The period of probation shall be specified and shall not be less than one year nor more than five years." (Emphasis added). The scheme of the legislature in this area becomes clear. Probation, if granted, must be for a specified time but may have any condition imposed upon it, with Article 895 as a guide of what sorts of conditions are desirable. If the defendant is found to have violated his probation, the trial court may reprimand him, increase the supervision of his probation, revoke his probation, or place additional conditions upon *513 it. However, the trial court may not extend the period of probation; that action is not authorized as a sanction for probation violation under Article 900 and is, in fact, implicitly forbidden by Article 893 which requires the probation period to be specified and therefore not subject to change.
The State has argued in brief that to deny this power to the trial judge will result in a great loss of flexibility and in routine revocation of probation in cases such as this one, where the defendant has only a short time left of his probation to serve. On the other hand, we cannot conclude that the legislature did not intentionally withhold the grant of such "flexible" power because of a potential for abuse. Flexibility is provided by giving the judge the power to suspend the imposition of sentence during probation. Louisiana has adopted a scheme of determinate sentencing; under the proposal of the prosecution, the power to extend the period of probation could keep an offender under probation forever, without his having committed another offensea result clearly not intended by the code.
Accordingly, the sentence of the defendant is vacated and the case remanded to the district court for further proceedings consistent with the views expressed herein.