374 So.2d 198 (1979)
Joan Williams FRAZIER
v.
Richard B. FRAZIER.
No. 10264.
Court of Appeal of Louisiana, Fourth Circuit.
August 1, 1979.
Steven Broussard, Lake Charles, for defendant-appellant.
Daniel E. Becnel, Jr., Robert R. Faucheux, Jr., C. William Bradley, Jr., Reserve, for plaintiff-appellee.
Before GULOTTA, STOULIG and BEER, JJ.
BEER, Judge.
Joan Frazier filed a rule for an increase in child support and for contempt for failure to pay pastdue child support. Richard *199 Frazier filed a rule for visitation privileges and reduction of child support payments. All were tried on June 30, 1978. At the conclusion, the trial judge dictated his judgment into the record and subsequently signed same on July 5, 1978. That judgment dismissed the rules for increased and decreased child support; awarded the arrearage of $2700 to be paid in monthly installments; and provided that Mr. Frazier's visitation rights could not be altered without certain written recommendations by a licensed physician.
Thereafter, on July 7, 1978, the trial judge amended the July 5th judgment ex proprio motu. That "amendment" provided for a six months' incarceration (suspended) of Mr. Frazier; gave various additional monetary awards to Mrs. Frazier with respect to her claim for pastdue child support; and deleted the previously noted provisions affecting visitation rights of Mr. Frazier.
Mr. Frazier devolutively appeals the amended judgment, citing LSA-C.C.P. art. 1951, and Mrs. Frazier contends that his appeal should be dismissed as untimely according to LSA-C.C.P. arts. 3942 and 3943.
Henson v. Henson, 350 So.2d 979 (La.App. 2nd Cir. 1977), provides authority for the contention that Mr. Frazier's devolutive appeal, taken within the sixty day delay period provided by LSA-C.C.P. art. 2087, was timely as it relates to the award of pastdue alimony and contempt.
The July 7th judgment constituted a substantive alteration of the judgment of July 5th. See Hebert v. Hebert, 351 So.2d 1199 (La.1977), and La.C.C.P. art. 1951.
The judgment of July 7, 1978 is nullified and vacated, and the judgment of July 5, 1978 is reinstated. Each party is to bear his own costs of this appeal.
JUDGMENT OF JULY 7, 1978 VACATED AND SET ASIDE, JUDGMENT OF JULY 5, 1978 REINSTATED.