GUIDRY, Judge.
MOTION TO DISMISS
Defendant, Louis Bell, brings this appeal from a judgment rendered below finding defendant in contempt, sentencing him to serve ten days in the parish jail, and assessing attorney’s fees and court costs against him. This court issued an ex proprio motu order directing appellant to show cause why his appeal should not be dismissed for lack of jurisdiction.
On April 22, 1977, judgment was rendered decreeing a separation from bed and board between Pearl Bell and defendant, Louis Bell. Pearl Bell was awarded custody of the minor children of the marriage and alimony in the sum of $300.00 per month.
On December, 28, 1979, plaintiff filed a rule to show cause why defendant should not be held in contempt for his failure to pay alimony. After the hearing on the rule, on January 29, 1980, judgment was rendered finding plaintiff in contempt and sentencing him to serve ten days in the Calcasieu Parish Jail. The sentence was suspended on the condition that defendant pay $800.00 of arrearages immediately and the remaining balance within ten days of the judgment of contempt.
On March 15, 1980, plaintiff filed a rule directing defendant to show cause why he should not be held in contempt for his, failure to comply with the January 29, 1980 judgment.
After a hearing on the rule, the trial court rendered judgment on March 24, 1980 finding defendant in contempt for failure to obey the previous judgment of the court and sentenced defendant to serve ten days in the Calcasieu Parish Jail. The judgment also condemned defendant to pay attorney’s fees in the sum of $250.00 and court costs. Defendant perfected this appeal from the court’s ruling. This court issued a rule directing defendant to show cause why his appeal should not be dismissed.
The issue presented by the rule to show cause is whether this court has jurisdiction to review the judgment rendered below. Under LSA Constitution Article 5, the right of review in criminal matters is exclusively vested in the Supreme Court. Courts of Appeal are vested with appellate jurisdiction of all civil matters and matters appealed from family and juvenile courts, except criminal prosecutions of persons other than juveniles. LSA-Constitution Article 5 § 10.
In Dove v. Dove, (Docket No. 7721), 386 So.2d 127 (La.App. 3rd Cir. 1980), where this court was faced with the issue of whether we had jurisdiction to review a contempt sentence, we stated,
“. . . jurisdiction to review is depen-dant upon whether the trial court in the instant proceeding imposed a civil or criminal sanction at the contempt hearing.”
In State v. Austin, 374 So.2d 1252 (La., 1979), the Supreme Court was faced with the issue of whether a contempt judgment in a civil proceeding for non-payment of child support involved the imposition of a criminal sanction. In that case, the court stated:
“The merit of the defense position turns initially on whether the trial court imposed a civil or criminal sanction at the contempt hearing. Distinguishing between the two penalties is not an easy task. As pointed out by the Court in Louisiana State Board of Medical Examiners v. Bates, 258 La. 1049, 249 So.2d 127, 131 (1971), ‘. . .the similarity between criminal and civil contempt is striking. . . . (T)hey are almost identical, being governed by the ■ same procedure and by penalties which are not too disparate.’
*1098 “The United States Supreme Court has focused on the purpose of the contempt penalty imposed, rather than the character of the underlying proceeding, in distinguishing between the two kinds of contempt. In Schillitani v. United States, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966) defendants called before a grand jury investigating narcotics offenses refused to .testify, notwithstanding a grant of immunity. The trial court found them in contempt and sentenced them to two years’ imprisonment, stipulating that they could win release by testifying. Defendants challenged the sentence on grounds the contempt proceeding had neither been initiated by indictment, nor tried to a jury. Despite the criminal nature of the proceedings, the United States Supreme Court denominated their refusal to testify a civil contempt, one which was therefore not governed by principles of criminal law. The Court announced ‘The test may be stated as: what does the court primarily seek to accomplish by imposing sentence?’ It concluded that while defendants ‘. . were ordered imprisoned for a definite period, their sentences were clearly intended to operate in a prospective manner — to coerce, rather than punish. As such, they relate to civil contempt.’ The Court explained its result: ‘. . . the act of disobedience consisted solely “in refusing to do what had been ordered” . . . not “in doing what had been prohibited.” And the judgments imposed conditional imprisonment for the obvious purpose of compelling the witnesses to obey. When the petitioners carry “the keys of their prison in their own pockets” . the action is essentially a civil remedy designed for the benefit of other parties and has quite properly been exercised for centuries to secure compliance with judicial decrees. ... In short, if the petitioners had chosen to obey the order they would not have faced jail.’ ”
“Applying the analysis of the United States Supreme Court, contempts punished under R.S. 13:4611(A)(4) may be either criminal (punitive) or civil (coercive), depending upon the purpose of the convicting court. The judgment of contempt reveals that the sentence imposed was suspended upon the condition that relator pay past due child support and medical bills in the sum of $809 and $100 attorney’s fees, all of which sums were paid. Therefore the intent of the court was clearly to compel obedience of its child support judgment, not to punish for defiance of the court’s order. Thus, the contempt sentence was distinctly civil in nature and relator’s double jeopardy arguments are unavailing.”
In the present action, an examination of the judgment reveals that the contempt sentence imposed upon defendant was a criminal sanction. The judgment provides, in pertinent part,
“IT IS ORDERED that LOUIS BELL be and is hereby adjudged to be in contempt of this Honorable Court for failure to heed the previous judgment of this Court for payment of child support, and accordingly LOUIS BELL be and he is hereby ordered to serve ten days in the Calcasieu Parish Jail commencing immediately.”
Clearly, the ten day jail sentence was not imposed for the purpose of compelling defendant’s compliance with the Court’s previous judgment ordering payment of child support arrearages. Rather, the sentence was imposed as punishment for defendant’s noncompliance with the previous order of the court. Under such circumstances, the sanction imposed was clearly a criminal sanction and exclusive jurisdiction to review the judgment lies with the Supreme Court.
Since this court does not have jurisdiction to review the matter in question, the defendant’s appeal is dismissed. The.appellant is hereby cast for all appeal costs to date.
In the interest of justice and under the authority of LSA-C.C.P. Art. 2162, appellant’s appeal is hereby transferred to the Supreme Court.
APPEAL DISMISSED AND TRANSFERRED.