426 So.2d 351 (1983)
Gary Neil FONTANA, Plaintiff-Appellant,
v.
Kay Marie FONTANA, Defendant-Appellee.
No. 15122-CA.
Court of Appeal of Louisiana, Second Circuit.
January 17, 1983.
Rehearing Denied February 24, 1983.
Writ Denied April 15, 1983.
*352 Paul Henry Kidd, Monroe, for plaintiff-appellant.
Bruscato, Loomis, Deal & Street by Anthony J. Bruscato, Monroe, for defendant-appellee.
Before HALL, MARVIN and JASPER E. JONES, JJ.
HALL, Judge.
Mr. Fontana appeals from a judgment finding him guilty of contempt and sentencing him to serve consecutive 20-day sentences in jail for failure to pay alimony and child support, failure to furnish Mrs. Fontana a car for her use, and failure to return their minor child to Mrs. Fontana after visitation periods on two occasions, all in violation of court orders and judgments.
Appellant specifies three errors:
(1) The criminal contempt conviction is invalid because the contempt proceeding was not instituted by the district attorney or the court on its own motion and was without proper notice as required by LSA-C.Cr.P. Art. 24;
(2) The contempt convictions and sentences were an abuse of discretion in that appellant did not willfully disobey a court order, and in that the two consecutive 20-day sentences are excessive; and
(3) The court order which appellant was accused of disobeying was not introduced into evidence at the contempt hearing.

Procedural and factual background
The record in this separation suit reflects that by judgment rendered December 18, 1981, filed January 6, 1982, custody of the minor child was granted to Mrs. Fontana subject to Mr. Fontana's right to reasonable visitation privileges, and Mr. Fontana was ordered to pay Mrs. Fontana $450 per month alimony pendente lite and $350 per month child support beginning December 15, 1981, and to furnish the family automobile to Mrs. Fontana for her use.
On February 19, 1982 the court orally rendered judgment granting Mr. Fontana a separation, continuing the custody, alimony, child support, and use of automobile awards, and granting Mr. Fontana specific visitation privileges including weekends from Friday at 6:00 p.m. to Sunday at 6:00 p.m. with the provision that Mr. Fontana should have the child returned to Mrs. Fontana at the times specified. Judgment accordingly was signed and filed on February 24, 1982.
On February 25, 1982 Mrs. Fontana filed a rule seeking, among other relief, to have Mr. Fontana held in contempt for failure to pay the alimony and child support payment due February 15, failure to make mortgage payments on the family car causing it to be seized and taken from Mrs. Fontana, and refusing to return the child after end of the visitation period on the weekend of February 19-21. The rule was personally served on Mr. Fontana on February 26.
With the assistance of the sheriff's department the child was returned to Mrs. Fontana on Friday, February 26, the day the next weekend visitation period was to begin. After being assured by Mr. Fontana and his attorney that the child would be returned according to the judgment, Mrs. Fontana allowed the child to visit Mr. Fontana that weekend. He did not return the child and on March 21 Mrs. Fontana filed another rule seeking to have Mr. Fontana held in contempt for violating the court's visitation judgment and to terminate his visitation privileges. The rule was personally served on Mr. Fontana on that date. It was again necessary to obtain the sheriff's *353 assistance to have the child returned to Mrs. Fontana.
Trial of the two contempt rules was completed on April 16. The trial court took judicial notice of its previous judgments and orders. It found that Mr. Fontana had willfully failed to make the car payments thereby violating the judgment requiring him to furnish the car for Mrs. Fontana's use, had willfully failed to work and to pay alimony and child support payments for three months, and had willfully failed to return the child after visitations on two occasions with no assurance that he would not do the same on future visitations. The court found him in contempt and sentenced him to serve 60 days in jail.
Mr. Fontana filed applications for writs in this court and in the Supreme Court. On April 29 (prior to the transfer of criminal jurisdiction to the Courts of Appeal) this court denied his application, ruling that the sentence was punishment, criminal in nature, and that this court had no jurisdiction, citing State v. Austin, 374 So.2d 1252 (La. 1979) and Dove v. Dove, 386 So.2d 127 (La. App. 3d Cir.1980). The Supreme Court in a terse order granted the writ, set the sentence aside "as excessive," and remanded for resentencing. Fontana v. Fontana, 414 So.2d 392 (La.1982). It is not clear whether the Supreme Court set the sentence aside as constitutionally excessive under Art. 1, § 20, La. Constitution, or as illegal because it exceeded the 30-day maximum jail sentence provided in LSA-R.S. 13:4611.
At a resentencing hearing on July 8, 1982 judgment was signed and filed wherein Mr. Fontana was "found to be in willful contempt for violating orders of this Court in refusing to pay child support and alimony, refusing to maintain his wife in possession of the family car, and refusing to return the minor child following visitations on February 21 and again on February 28, 1982, in connection with the judgment of separation filed on February 24, 1982 ...." Mr. Fontana was resentenced to serve two terms of 20 days imprisonment each in the Ouachita Parish Jail, to run consecutively. It is from this judgment that Mr. Fontana appealed.
Specification of Error No. 1
Appellant contends that since the sentence imposed is not coercive in nature but was imposed as punishment for violation of the court's orders, thereby rendering the proceeding criminal or quasi-criminal in nature under the holdings of Shillitani v. U.S., 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966); State v. Austin, supra; and In Re Merritt, 391 So.2d 440 (La.1980), the contempt proceeding could not be initiated by Mrs. Fontana and had to be initiated by the district attorney or the court on its own motion as required by LSA-C.Cr.P. Art. 24.
The contention is not correct. LSA-C. Cr.P. Arts. 20-25 regulate contempt procedure in cases originated as criminal proceedings. Contempt procedure in civil cases is regulated by LSA-C.C.P. Arts. 221-227 and LSA-R.S. 13:4611. Code of Civil Procedure Article 225 provides that a rule to show cause why a person should not be adjudged guilty of constructive contempt may issue on the court's own motion, or on motion of a party to the action or proceeding. Article 227 provides that the punishment which a court may impose upon a person adjudged guilty of contempt of court is provided in LSA-R.S. 13:4611. The punishment applicable to constructive contempt as provided by LSA-R.S. 13:4611(A)(4) is a fine of not more than $250 or imprisonment for not more than 30 days, or both.
A contempt proceeding ancillary to a civil proceeding assumes the quality of a criminal or quasi-criminal proceeding only after a criminal sentence is imposed. Ourso v. Ourso, 282 So.2d 157 (La.App. 4th Cir. 1973). In Bell v. Bell, 386 So.2d 1096 (La. App. 3d Cir.1980), the proceeding eventually adjudged a criminal proceeding after sentence was imposed was initiated by the plaintiff wife who filed a rule to show cause why defendant should not be held in contempt for failing to pay alimony pursuant to a court order, as was done in the instant case.
*354 The contempt rule in this civil separation suit was properly issued on motion of Mrs. Fontana, a party to the action.

Specification of Error No. 2
Appellant contends that the court erroneously found him in contempt for willfully disobeying the court order. Appellant claims specifically that his unemployment rendered him unable to pay his wife alimony or to provide her with a car and that he was justified in keeping the minor child because the latter was being exposed to drug abuse by the mother. Although as a general rule failure to pay alimony and child support resulting from the obligor's financial inability to pay and refusal for good cause to return minor children to the custodial parent cannot support a contempt charge, these issues are primarily factual and a trial judge's finding thereon should not be disturbed absent a finding of manifest error. James v. Spears, 372 So.2d 617 (La.App. 1st Cir.1979).
The record clearly indicates that appellant failed to pay his alimony and child support obligation for February, March, and April, 1982.
At the show cause hearing, appellant testified that he had worked less than one day between mid-November 1981 and April 1982, that he was laid off due to his physical and emotional health problems resulting from his marital difficulties, and that he would not be rehired until his problems were resolved. However, other trial testimony shows that Mr. Fontana was, until the marriage breakup, a successful trucker who earned over $50,000 in the first 11 months of 1981.
Additional testimony adduced at trial shows that appellant had over $6,000 in a checking account in late November 1981, which he paid to his father for past debts. The evidence also suggests he received his final paycheck (for $3,000) at this time. It was also established that appellant was renting an apartment in Minden and maintaining a home in Monroe. Additionally, there is evidence that appellant paid a private investigator over $100 in early 1982 in connection with this case. Finally, the testimony is replete with indications of appellant's resentment toward paying his wife alimony which, in his opinion, she was wasting on "booze and boyfriends."
Other cases on point aid in the determination here. In Wall v. Wall, 230 So.2d 420 (La.App. 1st Cir.1970), the husband was held in contempt for failing to pay his ex-wife alimony for at least two years despite the fact that his monthly expenses exceeded his income by over $100. The court held that obligations of his second marriage could not abrogate defendant's duty to his first wife, and the court centered on the fact that it was
"... abundantly clear that respondent has made no effort whatsoever to pay relatrix any alimony ...." [230 So.2d at 423].
as a key factor in its decision.
In Rosselli v. Rosselli, 352 So.2d 370 (La. App. 4th Cir.1977), the husband, in arrears for over $1,000 at the time of the contempt hearing, never paid the full amount due on any monthly alimony payment. The husband attempted to excuse this failure, claiming his barbershop business had failed. However, the court noted that appellant's girlfriend had assumed ownership of the business and hired him as manager. This, according to the court, was a subterfuge designed to prevent the husband from paying alimony, and the court found appellant guilty of contempt.
In Weeks v. Weeks, 349 So.2d 1008 (La. App. 3d Cir.1977), this court cited the husband's blatant refusal to pay alimony ("I didn't pay because I thought it `wasn't right'") in finding appellant guilty of contempt.
Applying these principles to the case at hand, it is clear that the appellant (1) made no effort to pay the three months' alimony; (2) made no effort to reduce or terminate the award based on a change in his circumstances; (3) was capable of gainful employment immediately prior to the start of these proceedings; (4) was somehow supporting himself, despite his unemployment, in two *355 separate locations during the pendency of these proceedings; and (5) expressed resentment over paying his wife alimony.
In light of these factors, the trial court correctly concluded that appellant's failure to pay alimony and child support in violation of the court's judgment was willful and without legal excuse.
Appellant claims his retention of the minor child beyond appellant's weekend visitation was justified because the four-year-old child told appellant that Mrs. Fontana was smoking marijuana in the child's presence. The trial judge found this action on the part of the appellant was unjustified, obviously finding that the appellant had no right to rely on such a statement by a four-year-old child as a basis for the direct, willful violation of a court order.
Additionally, the record establishes that appellant refused to disclose the child's whereabouts to his mother and told Mrs. Fontana that she would never see her son again on at least one occasion, all of which indicates a bad faith willful disobedience of the court order. At trial of the rule, appellant indicated he would not hesitate to do the same thing again. Appellant's willful and deliberate violation of the court order was not justified.
Appellant contends that the two 20-day sentences, to be served consecutively, imposed by the trial court are excessive in light of appellant's justification for disobeying the court order. It has already been determined that appellant was without justification or legal cause in violating the court order.
Two separate contempt rules were filed involving separate acts of contempt. We note that the first failure to return the child occurred before the judgment establishing visitation limits was signed. Disregarding this instance, there were still at least two separate, distinct violations of court orders charged in the two contempt rules. The 20-day sentences do not exceed the statutory maximum of 30 days set forth in LSA-R.S. 13:4611 for each charge, and are within the statutory limit. The sentences should not be vacated as excessive absent a showing of an abuse of the trial judge's wide discretion in this matter. State v. Forshee, 395 So.2d 742 (La.1981). No such showing has been made herein. Since the offenses were not based on the same act or transaction and were not part of a common scheme or plan, LSA-C.Cr.P. Art. 883 and State v. Ortego, 382 So.2d 921 (La.1980) are not applicable. The consecutive sentences are not excessive.

Specification of Error No. 3
Appellant contends that the contempt judgment should be set aside because the court order or judgment violated was not offered into evidence, and that the trial court erred in taking judicial notice of the previous judgment.
This contention is without merit. A court can take judicial notice of its own proceedings in the same action. Chrysler Credit Corporation v. Henry, 221 So.2d 529 (La.App. 4th Cir.1969).
Appellant also contends the judgment signed and filed February 24 was not final when the alleged acts of contempt occurred because timely filed motions for new trial were pending and the delay for suspensive appeal had not expired.
The finality and executory nature of custody and alimony judgments is not suspended by motions for new trial. An appeal does not suspend execution of a judgment insofar as it relates to custody or alimony. LSA-C.C.P. Arts. 3942-3943. The nature of alimony and custody judgments mandates immediate efficacy, as dramatically illustrated by this case.

Decree
The judgment of the district court is affirmed at appellant's costs.
Affirmed.