437 So.2d 947 (1983)
Elaine Claire Buckley GOINS, Plaintiff-Appellee,
v.
Charles Nelson GOINS, Defendant-Appellant.
No. 15550-CA.
Court of Appeal of Louisiana, Second Circuit.
August 15, 1983.
*948 David R. Buckley, Port Allen, for plaintiff-appellee.
Jim W. Wiley, Winnfield, for defendant-appellant.
*949 Before PRICE, MARVIN and NORRIS, JJ.
NORRIS, Judge.
Charles Nelson Goins appeals a judgment reducing the amount of child support payments previously awarded, accruing past due amounts of child support and finding him in contempt of court for nonpayment, assigning the following errors:
(1) Whether the trial court abused its discretion in finding Charles Goins in contempt of court for failure to pay support;
(2) Whether the trial court abused its discretion in the exercise of its contempt powers;
(3) Whether or not the trial court erred in setting progressive child support payments; and
(4) Whether the court abused its discretion in awarding the sum of $150 per month as child support.
The parties were separated by judgment rendered and signed on the 28th day of August, 1980, which ordered Mr. Goins to pay child support for one minor child in the amount of $300 per month. On January 21, 1982, Mr. Goins petitioned for divorce and asked that the child support previously fixed be reduced to $100 per month. Mrs. Goins answered the suit on February 17, 1982 and no further activity is reflected by the record until October 26, 1982, when Mrs. Goins filed a rule seeking to recover arrearages in child support payments due under the separation judgment, for contempt and for reasonable attorney's fees. On November 17, 1982, Mr. Goins filed a rule to reduce the child support from $300 per month to $100 per month. These rules were heard in connection with the trial on the divorce on December 13, 1982.
Evidence adduced at trial revealed that Mrs. Goins was unemployed as a result of her having voluntarily left her previous employment. She testified that she was physically and mentally able to work but was receiving food stamps, a medical card and $123 per month from the support enforcement agency. Mr. Goins testified that he was unemployed as a result of his having been terminated and that he was receiving unemployment benefits of $160 per week. While he had made numerous job applications, he had been unable to secure employment because of the depressed state of the economy. During a large portion of the arrearages' period, Mr. Goins was unemployed and receiving unemployment benefits. The parties stipulated the arrearages to be $5735.
After hearing all of the evidence, the trial court granted the divorce; maintained custody with Mrs. Goins; fixed child support at $100 per month until April 1, 1983, at which time it would be increased to $150 per month; fixed the arrearages in the stipulated amount and made that amount executory; awarded attorney's fees of $300; found Mr. Goins to be in contempt of court and sentenced him to pay a fine of $200 and to serve a jail term of 30 days. The jail sentence was suspended and Mr. Goins was placed on unsupervised probation subject to the following conditions:[1]
(1) That he maintain a current status on child support payments; and
(2) That he liquidate the arrearages in the following manner:
(a) That he make a payment in the amount of $500 on or before January 15, 1983;
(b) That he execute a promissory note on or before January 15, 1983, in the amount of $5235 bearing interest in the amount of 12%, providing for 20% attorney's fees, and providing for payments in installments sufficient to liquidate the amount of the note in five years; and
(c) That he pay the $300 attorney's fees awarded in connection with the rule within six months.
ASSIGNMENT OF ERROR NO. 1
In connection with this assignment of error, Mr. Goins argues that the trial court *950 abused its discretion in finding him to be in contempt of court because he was unemployed for a substantial portion of time during the period covering the arrearages which precluded him from meeting his child support obligation. He argues that his default was not of his own voluntary choosing but was a result of the depressed economy.
Prior to any discussion of this assignment, we note that although there has been no question raised regarding this court's authority to review a contempt judgment on direct appeal rather than by application for supervisory writs, there exists within the jurisprudence a conflict as to the proper procedure for seeking review of a contempt finding.[2] However, it has been the practice of this court to review such an issue raised in connection with an appeal, and we will address the merits of this issue contained within this appeal.[3] See Fontana v. Fontana, 426 So.2d 351 (La.App. 2d Cir. 1983); Woodall v. Woodall, 397 So.2d 524 (La.App. 2d Cir.1981).
Mr. Goins' argument was expressly considered and rejected by the trial court which found that Mr. Goins had not made a conscientious effort to pay child support. Although as a general rule, failure to pay child support resulting from the obligor's financial inability to pay cannot support a contempt charge, this finding is primarily factual and a trial court's finding thereon should not be disturbed absent manifest error. Fontana v. Fontana, supra. The record indicates based on Mr. Goins' stipulation that he was in arrears in the amount of $5735 for the period of time extending from August 28, 1980 until December 13, 1982. It is noteworthy that for extended periods during this time span, Mr. Goins was unemployed. Yet he never attempted to exercise any of the legal remedies available to him to have his child support payments reduced because of his altered circumstances until after Mrs. Goins filed a rule to have the past due support made executory. While we are not unsympathetic with Mr. Goins' predicament, we cannot say that the trial court was clearly wrong in finding that Mr. Goins' failure to pay this amount of support was willful and without legal excuse.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
Mr. Goins then argues that the trial court abused its discretion in the exercise of its contempt powers. More particularly, Mr. Goins argues that while the judgment imposing the $200 fine and the thirty day jail sentence is within the power of the court, the court's conditions of probation are severe and inconsistent with the evidence and do not provide a constructive manner to relieve Mr. Goins of the jail sentence. He particularly notes that he is being forced to execute a promissory note to reflect the judgment amount and to undertake the additional condition of paying 20% attorney's fees if he is unable to comply with the payment provisions of the note. Finally, he *951 argues that he will be exposed to the jail sentence if he is unable to pay the attorney's fees within six months. He contends that such a severe sentence on his first occasion in court is unwarranted.
Contempt proceedings in civil cases are regulated by La.C.C.P. Arts. 221-227 and La.R.S. 13:4611.
La.C.C.P. Art. 224 provides in pertinent part:
A constructive contempt of court is any contempt other than a direct one.
Any of the following acts constitutes a constructive contempt of court:
* * * * * *
(2) Wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court;
La.C.C.P. Art. 227 provides:
A person may not be adjudged guilty of a contempt of court except for misconduct defined as such, or made punishable as such, expressly by law.
The punishment which a court may impose upon a person adjudged guilty of contempt of court is provided in R.S. 13:4611.
La.R.S. 13:4611 provides in pertinent part:
Except as otherwise provided by law:
(A) The supreme court, the courts of appeal, the district courts, family courts and city courts may punish a person adjudged guilty of contempt of court therein, as follows:
* * * * * *
(4) For any other contempt of court, by a fine of not more than two hundred and fifty dollars, or imprisonment for not more than thirty days, or both.
Once a criminal sentence is imposed in a contempt proceeding ancillary to a civil proceeding, the proceeding assumes the quality of a criminal or quasi-criminal proceeding. Fontana v. Fontana, supra; Ourso v. Ourso, 282 So.2d 157 (La.App. 4th Cir.1973). After the imposition of a sentence in a contempt proceeding, the proceeding becomes subject to the provisions of the Code of Criminal Procedure regarding the execution of sentences. Ourso v. Ourso, supra.
While it is recognized that a defendant has no right to a suspension of sentence in a contempt proceeding, but, in fact, is the beneficiary of the court's clemency when such a suspended sentence is imposed [Wicker v. Wicker, 373 So.2d 210 (La.App. 4th Cir.1979)], in this case, the trial court chose to afford Mr. Goins the privilege of probation and suspended sentence. Although it was not obligated to be so lenient, once the trial court chose to suspend the execution of the sentence, it was mandated to follow the provisions of La.C.Cr.P. Art. 894, with its attendant limitations. La.C.Cr.P. Art. 894 provides in pertinent part:
A. When a defendant has been convicted of a misdemeanor, except criminal neglect of family, the court may suspend the imposition or the execution of the whole or any part of the sentence imposed and place the defendant on unsupervised or supervised probation upon such conditions as the court may fix, where suspension is not prohibited under the law. Such suspension of sentence and probation shall be for a period of two years or such shorter period as the court may specify.
The court may suspend a misdemeanor sentence after the defendant has begun to serve the sentence.
La.C.Cr.P. Art. 895 provides in pertinent part:
A. When the court suspends the imposition or execution of sentence and places a defendant on probation, it shall require the defendant to refrain from criminal conduct and it may impose any specific conditions reasonably related to his rehabilitation,...
Under Article 895, the trial court may impose any specific condition of probation which is reasonably related to a defendant's rehabilitation. However, a condition that is so harsh that the probationer is destined for failure serves no purpose. State v. LaBure, *952 427 So.2d 855 (La.1983). Here, the trial court chose to not only suspend the imposition of the sentence but to impose certain conditions which Mr. Goins argues are so severe as to render them unworkable. Conditions of probation are reviewable even absent specific assignments of error as patent errors in criminal cases. State v. LaBure, supra. Under the rationale of Dove v. Dove, 386 So.2d 127 (La.App. 3d Cir. 1980), a jail sentence imposed under La.R.S. 13:4611 upon a person adjudged guilty of contempt is reviewable for excessiveness under State v. Sepulvado, 367 So.2d 762 (La.1979). See also, Fontana v. Fontana, supra. Extending the rationale of the aforementioned cases, we conclude that conditions of probation imposed on a person adjudged guilty of contempt under La.R.S. 13:4611 are reviewable to determine whether or not they are erroneous.
While recognizing that the purpose of probation in criminal cases is to promote the defendant's rehabilitation by allowing him or her to reintegrate into society [State v. Carey, 392 So.2d 443 (La. 1981)], the purpose of probation in contempt matters involving the non payment of support appears to us to be somewhat different. In such a proceeding, the purpose of probation should be to allow a party to remain out of jail in order that he or she is able to continue his or her employment [or seek employment for that matter] in order to fulfill the support obligation and to encourage the party to discharge that support obligation. Therefore, conditions of probation imposed should be reasonably related to the discharge of the accrued obligation and the maintaining of support payments on a regular, current basis. Any condition of probation which does not facilitate in the accomplishment of this purpose is unreasonable. In the instant case, the requiring of the maintenance of child support payments on a current basis is reasonable, as is the requirement of the lump sum payment to Mrs. Goins and the payment of the attorney's fees within six months.
While the requirement of the execution of the note is certainly designed to provide a method of payment of accrued support, we find that this condition of probation is illegal and therefore erroneous. First of all, La.C.Cr.P. Art. 894 provides that the period of probation in a misdemeanor case or in a case such as is presented herein cannot exceed two years. Probation must be for a specified time and it cannot be extended. State v. Guillory, 363 So.2d 511 (La.1978). Under Article 894, the word "condition" relates to stipulations exacted from the probationer concerning his conduct during the probationary period. State v. Guillory, supra. Under Article 894, there is no reference made to an extension of any period of time as a condition of probation. State v. Guillory, supra. Therefore, by analogy, conditions of probation cannot be utilized to extend the probationary period nor can they be extended beyond the term of the probation. State v. Guillory, supra. By being forced to execute the promissory note in question, Mr. Goins is being required to obligate himself to do certain things beyond the legally permissible time limitations of the applicable article. The requiring of installment payments which extend over a five year period serves to place conditions of probation that extend for five years, three years longer than the maximum period of probation provided for in such cases by law. We conclude that this requirement is invalid.
Furthermore, the requiring of the signing of this note, while well intended, is unrealistic and unnecessary because the judgment is evidence of the debt owed and there is no necessity to sign a subsequent instrument which evidences the identical debt. Additionally, the note subjects Mr. Goins to more burdensome obligations than the judgment in the event of nonpayment of the note in the form of 20% attorney's fees. Mrs. Goins has already been awarded all of the attorney's fees to which she is legally entitled in connection with the collection of this arrearage. La.R.S. 9:305. Therefore, we conclude that a trial court may not by the requiring of the execution of a note in connection with the collection of arrearages in support payments require a party in default of his payments to be subjected to *953 additional attorney's fees in the form of those provided for by a promissory note.
While not called upon to resolve future legal problems which may occur as a result of the execution and enforcement of this noteand the judgment for that matterafter the note is executed, we simply observe that by encouraging the execution of promissory notes in the enforcement of support judgments, we may be opening the proverbial "Pandora's box" for future courts in resolving legal questions which may arise, such aswhether the note or the judgment is the evidence of the obligation, the validity of a note executed under such conditions of "judicial duress" insofar as it relates to consent, the effect of the holder's negotiating the note to a third party, whether the execution of the note novates the judgment, what remedies the judgment creditor or the holder of the note has available to collect the obligation, etc.[4]
Because we have concluded that the condition of probation requiring Mr. Goins to execute the promissory note is illegal and erroneous, he must be resentenced. Consequently, we set aside the sentence and remand the case for resentencing in accordance with the views expressed herein, noting for the trial court that a person found in contempt of court cannot be penalized for exercising his right of review and on remand cannot be sentenced more severely than originally. In Re Merritt, 391 So.2d 440 (La.1981). Therefore, the trial court must suspend the imposition of the sentence but must place conditions on the probation which are in accordance with law.
ASSIGNMENTS OF ERROR NOS. 3 and 4
In connection with these assignments, Mr. Goins argues that in setting child support payments at $100 per month until April 1, 1983 and then increasing the amount to $150 per month thereafter, the court committed error. We initially note that because there is no suspensive appeal from a judgment awarding support [La.C. C.P. Art. 3943], and because this is a devolutive appeal, that there is nothing for us to review in connection with the propriety of the acceleration of the amount of the payments since April 1, 1983 has long passed. We have reviewed the record and find that the award of $150 per month for support is not an abuse of discretion. If we accepted Mr. Goins' argument, we would have to assume that he intends to remain on unemployment benefits ad infinitum. In reality, not only is he prohibited from collecting such benefits on an unlimited basis and for an unlimited duration, but he is also in a financial situation where he is going to have to make some arrangements for future employment, if he has not already done so at the time of the rendition of this opinion. A trial judge is given great discretion in making an award of support, and we will not disturb such awards in the absence of a showing of an abuse of that discretion. Kellogg v. Kellogg, 375 So.2d 200 (La.App. 2d Cir.1979). There has been no such showing made here.
Accordingly, we affirm the judgment of the trial court except as it relates to the sentence imposed for contempt which we vacate and we remand this matter to the district court for sentencing in accordance with the views expressed herein.
*954 JUDGMENT AFFIRMED in PART; CONTEMPT SENTENCE VACATED, and CASE REMANDED.
NOTES
[1] In the trial court's oral reasons for judgment, the trial court indicated that the period of probation would be for one year. However, in the subsequent written judgment and the corrected memorandum judgment, there is no mention of the length of the probationary period.
[2] See and compare: McMicken v. Perin, 61 U.S. 20 How. 133, 15 L.Ed. 857; State v. Louisiana Public Service Commission, 161 La. 293, 108 So. 487; City of Gretna v. Rossner, 154 La. 117, 97 So. 335; State v. Judge Parish Court, 31 La.Ann. 116; Succession of Carriere, 34 La. Ann. 1056; Matter on Carter, La.App., 357 So.2d 1175, writ denied, La. 358 So.2d 949; Pasternack v. Lubritz, La.App. 280 So.2d 352; Wall v. Wall, La.App., 230 So.2d 420; The Advertiser v. Tubbs, La.App., 199 So.2d 426; Weaver v. Weaver, La.App., 181 So.2d 61, writ denied, 248 La. 1031, 183 So.2d 652; Moity v. Mahfouz, La.App., 137 So.2d 513, writ denied, 242 La. 625, 137 So.2d 514; State v. Tangipahoa Parish School Board, La.App., 9 So.2d 826. Contra, see Frazier v. Frazier, La.App., 374 So.2d 198; City of Monroe v. Evans, La.App., 385 So.2d 912, and cases cited therein.
[3] Because of the particular posture of this case in that Mr. Goins took a devolutive appeal from the entire judgment and there is no evidence that a stay order was granted by the trial court, we are aware of the possibility that all of this discussion pertaining to the conditions of probation imposed in connection with the jail sentence may be moot since the trial court's ruling has not been stayed or suspended. While we have chosen to address this issue in connection with this appeal, this possibility of mootness may lend credence to those cases which hold that such a ruling is more properly handled in connection with a writ application wherein the appellate court can issue the appropriate relief at a time much closer to the imposition of the sentence and in a manner that will properly afford the applicant relief if appropriate.
[4] This entire discussion is predicated upon the particular, unique posture of this case. Mrs. Goins has not appealed nor answered this appeal. In fact, her attorney has not even filed a brief in connection with the appeal. We note that although not raised as an issue, that an award of past due support is a property right which belongs to the person from whom the support has been withheld. Courts are required to make such awards executory and cannot allow the debtor to pay such amounts in installments. See Vinet v. Vinet, 184 So.2d 33 (La.App. 4th Cir.1966); Gennaro v. Gennaro, 306 So.2d 756 (La.App. 4th Cir.1975); Vaughan v. Vaughan, 415 So.2d 483 (La.App. 1st Cir. 1982). Because the award has been made executory, Mrs. Goins has a right to pursue whatever legal remedies are available to her to collect on the judgment in its entirety at a point in time of her choosing. The interjection of a note with all of the attendant problems which we have mentioned in the body of this opinion may well serve to obviate the legal remedies which are legally Mrs. Goins' by operation of law.