KING, Judge.
The issues presented by this appeal are (1) whether or not the trial court erred in finding that the appellant was in arrears on his child support obligation, and (2) whether or not the trial court erred in finding the appellant in contempt of court for failure to pay his child support obligation.
Janice Ann Weis Rayner (hereinafter referred to as plaintiff) filed a Rule to Show Cause to have Vernon Leon Rayner’s (hereinafter referred to as defendant) child support arrearages determined and made exec-utory and to have defendant held in contempt of court for failure to pay this child support. A hearing was held, during which both parties testified. The trial court rendered a money judgment in favor of plaintiff and against defendant for the child support arrearages, ordered that the judgment rendered for past due child support owed by defendant be made executory, and held defendant in contempt of court for failure to pay his child support obligation. Defendant appeals. We affirm.
FACTS
On April 23, 1982, a judgment of divorce was rendered in favor of plaintiff and against defendant (1) granting plaintiff an absolute divorce and custody of three of their four minor children; (2) granting defendant custody of their remaining minor child; and (3) ordering defendant to pay to plaintiff child support in the sum of $300.00 per month through May 31, 1982 and $400.00 per month thereafter. Pursuant to a Rule to Show Cause filed by plaintiff on May 20, 1983, alleging that defendant was in arrears on his child support obligation for the months of August, 1982 through May, 1983, the trial court rendered a money judgment in favor of plaintiff and against defendant, for the sum of $3,500.00 as past due child support, and ordered this judgment made executory, and further ordered defendant to pay plaintiffs attorney’s fees and court costs for the rule. Plaintiff had a portion of defendant’s share of the funds deposited in the registry of the court seized under a writ of fieri facias in order to satisfy this judgment.[1]
Defendant filed a Rule to Show Cause on June 17, 1983 against plaintiff requesting a change in custody of their minor child, Christine, and reduction in the previously ordered child support. On June 24, 1983 plaintiff filed a Rule to Show Cause against defendant requesting that past due child support for the month of June, 1983 be made executory and that defendant be held in contempt of court. The trial court, after a hearing, rendered judgment on June 27, 1983, which was signed on October 25, 1983, ordering (1) that the custody of Christine be granted to defendant; (2) that plaintiff’s original award of child support in the amount of $400.00 per month be reduced to $200.00 per month, beginning June 1, 1983; (3) that $200.00 in past due child support be made executory, along with plaintiff’s attorney’s fees and one-half of the court costs for the rule; and (4) finding that defendant was not in contempt of court. Again, plaintiff had a portion of defendant’s share of the funds deposited in the registry of the court seized under a writ of fieri facias in order to satisfy this judgment.[1]
On September 14, 1984, plaintiff again filed a Rule to Show Cause against defendant to obtain judgment for past due child support in the amount of $1,400.00 (for the period of March, 1984 through September, 1984), to have the judgment made exec-utory, and to have defendant held in contempt of court for failure to pay his child support obligation. Plaintiff also prayed that she be awarded legal interest on each overdue payment from its due date, attor *527 ney’s fees and court costs. A hearing was held on October 1, 1984, at which time both plaintiff and defendant testified on their own behalf. Plaintiff generally testified that she had not received any sums during the period in question and that the only reason given to her by defendant for not paying the child support was that he was unable to pay. On direct examination, defendant testified that he did not feel that he owed §1,400.00 in child support because of various reasons, including his claim that plaintiff had unlawfully seized his funds from the registry of the court, the seizure of his paycheck by the Internal Revenue Service, and the financial burden associated with the care of his dependents. On cross examination, defendant admitted that he had not paid his child support obligation according to the judgment. Specifically, he stated: “I was wrong. But under my financial circumstances I could not pay them.”
A judgment was rendered by the trial court on October 8, 1984 and signed on October 10, 1984, in favor of plaintiff and against defendant, (1) ordering that the sum of $1,400.00 in past due child support be made executory; (2) ordering defendant to pay $250.00 in attorney’s fees and to pay all costs of the proceedings; and (3) holding defendant in contempt of court, for which he was sentenced to serve 30 days in the parish prison. The prison term was suspended upon the condition that defendant maintain his current child support payments of $200.00 per month and that he pay all of the arrearages, together with attorney’s fees and legal interest, on or before November 1, 1984.
The trial court signed an order allowing defendant to proceed in forma pauperis and to take a suspensive appeal from the October 10, 1984 judgment without securing an appeal bond.[2] In his appellate brief, defendant raises the issues of: (1) whether or not he is entitled to a reduction or elimination of his child support obligation; (2) whether or not plaintiff properly and lawfully enforced her various executory money judgments for child support arrearages; (3) whether or not he was in arrears on his child support obligations; and (4) whether or not he was in fact guilty of contempt of court.
SUSPENSIVE APPEAL
The trial court signed an order permitting defendant to take a suspensive appeal without securing an appeal bond, and to proceed in forma pauperis. Defendant was not entitled to a suspensive appeal unless he furnished the necessary security therefor. LSA-C.C.P. Art. 5185(B). The order granting the suspensive appeal in forma pauperis was signed within the delay allowed for a devolutive appeal and for this reason we will treat the appeal as devolu-tive notwithstanding the fact that the order for appeal did not mention a devolutive appeal. Nelson v. Stafford, 385 So.2d 293 (La.App. 1st Cir.1980); Ferina v. Howard, 285 So.2d 805 (La.App. 3rd Cir.1973).
REDUCTION OF CHILD SUPPORT AND ENFORCEMENT OF EXECUTORY JUDGMENT
The first two issues raised by defendant on appeal are whether or not he is entitled to a reduction or elimination of his child support obligation, and whether or not plaintiff properly and lawfully enforced her various executory money judgments for child support arrearages. Neither of these two issues were before the trial court in connection-with the Rule to Show Cause filed by plaintiff on September 14, 1984 which resulted in the judgment from which this appeal was taken.
As previously stated, after the trial court rendered the judgment from which this ap *528 peal was taken, defendant filed a Rule to Show Cause against plaintiff on October 11, 1984, requesting that his child support obligation be reduced or eliminated. After a hearing, the trial court granted judgment in favor of plaintiff, dismissing defendant’s rule. It is from this judgment rendered on October 29, 1984, and signed on November 12, 1984, that defendant should have appealed if he wanted this court to consider the issue of whether or not his child support obligation should be reduced or eliminated.
Defendant also argues that his portion of the funds held in the registry of the court were improperly seized, and that he is therefore entitled to a credit toward his current child support obligation for the amount seized. Defendant’s collateral attack upon the validity of the seizure of a portion of his share of the funds deposited into the registry of the court, as a defense to a rule for child support arrearages, is not the proper procedure to contest the validity of those seizures. The validity of the orders for these seizures of defendant’s funds should have been directly challenged in the trial court and, in the event of an adverse judgment, by the taking of an appeal.
In his Reasons for Judgment, on the rule appealed from, the trial judge stated:
“Any amounts withdrawn from any proceedings, in whatever manner, were for (and attributable to) prior arrearages. If any of these funds were incorrectly withdrawn, Mr. Rayner has appellate procedures available to him, but in any event, he will not have been unduly prejudiced in the long run since the funds withdrawn were applied to satisfy his own obligation.”
We agree with the trial court’s analysis.
Since the issues of whether or not defendant’s child support obligation should be reduced or eliminated and whether or not plaintiff lawfully enforced her executory judgments for child support arrearages were not properly before the trial court in connection with plaintiff’s rule filed on September 14, 1984, this court cannot consider on this appeal defendant’s arguments in regard to these issues.
CHILD SUPPORT ARREARAGES
Defendant raises the issue of whether or not he was in fact in arrears on his child support obligation. As previously mentioned, plaintiff testified that she had not received any payments from March, 1984 through September, 1984. The defendant admitted on cross-examination that he had not made these child support payments ordered by the Court.
The trial court found that defendant was $1,400.00 in arrears on his child support obligation. We conclude that the trial court’s finding that the defendant’s arrear-ages for child support totaled $1,400.00 is not clearly wrong or manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
CONTEMPT OF COURT
The final issue raised by defendant on this appeal is whether or not he was in fact guilty of contempt of court. In addition to plaintiff’s alleged unlawful enforcement of her various executory judgments for child support arrearages, which defendant urged as a reason for non-compliance with the court order for child support, defendant also testified at trial and argues on appeal that he was financially unable to meet his child support obligations.
The willful disobedience of a court order is a constructive contempt of court. LSA-C.C.P. art. 224. As previously stated, this court will not consider defendant’s argument about the validity of plaintiff’s enforcement of her prior executory money judgments on this appeal. Although, as a general rule, failure to pay child support resulting from the obligor’s financial inability to pay cannot support a contempt charge, this finding is primarily factual and a trial court’s finding thereon should not be disturbed absent manifest error. Goins v. Goins, 437 So.2d 947 (La.App. 2nd Cir. 1983). Defendant testified at trial that his *529 expenses had increased over the period for which his child support obligation was in arrears and urged this as a defense to contempt. Nevertheless, we hold that the trial court was not clearly wrong or manifestly erroneous in finding defendant to be in contempt. Arceneaux v. Domingue, supra; Canter v. Koehring Company, supra; Goins v. Goins, supra.
DAMAGES
In her appellate brief, plaintiff contends that defendant’s appeal is frivolous, and that she should therefore be awarded attorney’s fees and costs. Plaintiff did not appeal or answer the defendant’s appeal to seek damages for a frivolous appeal. Therefore we cannot consider plaintiff’s request for damages for defendant’s frivolous appeal.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of appeal are taxed to defendant-appellant.
AFFIRMED.

. These funds were the proceeds from the sale of the former community home of plaintiff and defendant and were deposited into the registry of the court pending the outcome of litigation to determine how these funds were to be distributed. See Rayner v. Rayner, 482 So.2d 965 (La. App. 3rd Cir.1986), Number 84-987 on the Docket of this Court rendered on February 5, 1986.

. On October 11, 1984, the defendant then filed in the trial court a Rule requiring plaintiff to show cause why his child support payments should not be reduced or eliminated, and why he should not be allowed to proceed in forma pauperis. Plaintiff responded by filing a Rule to Traverse defendant’s alleged indigency. Judgment was rendered on October 29, 1984 and signed on November 12, 1984, dismissing defendant’s rule to reduce or eliminate child support payments, and casting defendant for all costs of the proceedings.