GUIDRY, Judge.
Eva Elizabeth Skinner Walsh Miller and Joseph B. Walsh, Sr. were divorced some time prior to May 31,1984. On that date, a judgment was rendered and signed decreeing defendant, Joseph B. Walsh, Sr., in arrears in the payment of alimony in the sum of $468.00 through May, 1984.[1] In addition to the arrearages, plaintiff, Eva Walsh Miller, was also awarded the sum of $210.00 as attorney’s fees and future alimony was fixed at the sum of $250.00 per month, later reduced to $234.00 monthly. See Walsh v. Walsh, 465 So.2d 239 (La.App. 3rd Cir.1985).
In the judgment of May 31, 1984, defendant was also adjudged to be in contempt of court but imposition of sentence was suspended on the following conditions:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT JO *721 SEPH B. WALSH, SR. is found to be in contempt of this Court’s orders requiring him to pay periodic alimony, but imposition of penalty and/or sentence is hereby suspended, as long as, and during the period of time that the said JOSEPH B. WALSH, SR. shall pay unto EVA ELIZABETH SKINNER WALSH the full monthly sum of $150.00 commencing June 15, 1984, upon the alimony arrear-ages and interest thereon, found to be due in this Court’s judgment on rule signed on December 19, 1983; and, in the event of the said JOSEPH B. WALSH, SR.’S failure to make such payments on said arrearages, and upon EVA ELIZABETH SKINNER WALSH’S execution and filing into the record of this action, an affidavit to that effect, the said JOSEPH B. WALSH, SR. shall be ordered to appear before this Court for fixing and imposition of penalty and/or sentence for his contempt above adjudged.”
Apparently, defendant complied with the obligation imposed upon him by the judgment of May 31, • 1984 until plaintiff’s remarriage on May 12, 1987. Thereafter, defendant ceased making all alimony payments, including the monthly payment due for the alimony arrearages owed plaintiff as fixed by the judgments of December 19, 1983 and May 31, 1984.[2]
Plaintiff filed an affidavit attesting that in June 1987, defendant ceased making alimony arrearage payments as ordered by the May 31, 1984 judgment and secured issuance of a rule nisi ordering defendant to show cause why a penalty or sentence should not be imposed pursuant to the contempt judgment previously rendered on May 31, 1984. After trial of the rule, the court, by judgment signed December 28, 1987, made executory its previous contempt order dated May 31, 1984, and sentenced defendant to serve a term of sixty (60) days in the parish jail, subject to a proviso as follows:
“IT IS FURTHER ORDERED that JOSEPH B. WALSH, SR. may avoid the commencement of his jail sentence if and only if he pays unto EVA SKINNER MILLER on or before January 2, 1988, the sum of $1,125.00 representing the aggregate of those periodic payments which he has not made since June, 1987, through January 1, 1988; and, he may continue to avoid such commencement of this jail sentence during the period of time he continues to pay, timely and fully the monthly periodic payments upon his arrearages, or the full amount thereof, until the same is fully paid in principal, interest and court costs.”
Defendant timely filed an application for new trial which was denied on January 14, 1988. Thereafter, defendant appealed sus-pensively, however, in his motion for appeal defendant indicates his desire to appeal only from the judgment of January 14, 1988, which denied his application for a new trial, an interlocutory judgment.
We observe that a denial of an application for a new trial is an interlocutory judgment and can only be appealed on a showing of irreparable injury. La.C.C.P. 2083; Tregre v. Tregre, 444 So.2d 675 (La.App. 5th Cir.1984). Nevertheless, our Louisiana Supreme Court has held that where the motion for appeal refers to a judgment by date and that judgment is one denying a motion for a new trial, but the appellant exhibits the clear intention in brief and argument to appeal from the adverse judgment on the merits, the appeal should be considered. Smith v. Hartford Accident and Indemnity Company, 254 La. 341, 223 So.2d 826 (1969), and Fruehauf Trailer Company v. Baillio, 252 La. 181, 210 So.2d 312 (1968).
In the instant ease, we are presented with this identical situation. However, the judgment of which defendant complains in brief, i.e., the contempt of court judgment, is likewise unappealable. Slaughter v. Slaughter, 499 So.2d 1123 (La.App. 3rd Cir.1986) and cases cited therein.
Although the appeal taken in this matter is clearly subject to dismissal on this court’s own motion (La.C.C.P. art. 2162), *722 we believe that the interests of justice will be best served if we consider the merits of the issue presented under our general supervisory power, as was done in the cases of Guidroz v. State Farm Fire and Casualty Co., 334 So.2d 535 (La.App. 1st Cir.1976) and Sonnier v. Gray Tool Company, 359 So.2d 1111 (La.App. 3rd Cir.1978), writ denied, 362 So.2d 800 (La.1978).
We have carefully considered the record before us and ultimately conclude, for the reasons which follow, that the judgment of the trial court dated December 28, 1987, sentencing the defendant to serve a term of sixty (60) days in the parish jail, based upon the court’s previous finding of contempt of May 31, 1984, is invalid and must be vacated and set aside.
Contempt proceedings in civil cases are governed by La.C.C.P. arts. 221-227 and La.R.S. 13:4611. In Ourso v. Ourso, 282 So.2d 157 (La.App. 4th Cir.1973); Fontana v. Fontana, 426 So.2d 351 (La.App. 2d Cir.1983); and, Goins v. Goins, 437 So.2d 947 (La.App. 2d Cir.1983), our appellate brethren concluded that, once a criminal sentence is imposed in a contempt proceeding ancillary to a civil suit, the proceeding assumes the quality of a criminal or quasi-criminal proceeding and becomes subject to the provisions of the Code of Criminal Procedure regarding the execution of sentences. We agree with this pronouncement. However, we believe that the principle espoused in Ourso, Fontana and Goins is equally applicable where, as in this case, the court makes a finding of contempt but suspends the imposition of sentence subject to probationary conditions imposed upon the offender, which is specifically permitted by La.C.Cr.P. art. 894.
In Goins, supra, th.e court stated:
“While it is recognized that a defendant has no right to a suspension of sentence in a contempt proceeding, but, in fact, is the beneficiary of the court’s clemency when such a suspended sentence is imposed [ Wicker v. Wicker, 373 So.2d 210 (La.App. 4th Cir.1979) ], in this case, the trial court chose to afford Mr. Goins the privilege of probation and suspended sentence. Although it was not obligated to be so lenient, once the trial court chose to suspend the execution of the sentence, it was mandated to follow the provisions of La.C.Cr.P. Art. 894, with its attendant limitations.... ”
La.C.Cr.P. art. 894 provides in pertinent part as follows:
“A. When a defendant has been convicted of a misdemeanor, except criminal neglect of family, the court may suspend the imposition or the execution of the whole or any part of the sentence imposed and place the defendant on unsupervised or supervised probation upon such conditions as the court may fix, where suspension is not prohibited under the law. Such suspension of sentence and probation shall be for a period of two years or such shorter period as the court may specify.” (Emphasis ours).
In the case sub judice defendant was found to be in contempt on May 31, 1984. Imposition of sentence was suspended by the court subject to defendant’s probationary obligation previously outlined which he faithfully performed for a period in excess of two years. La.C.Cr.P. art. 898 provides for automatic satisfaction of a suspended sentence when the term is successfully completed. We believe that this article likewise limits the right and authority of the court to impose sentence, where the court initially suspends the imposition of sentence, once the two year period provided by La.C.Cr.P. art. 894(A) is satisfied. As stated by the court in Ourso, supra:
“... It would be an anomalous situation to have a limitation for the suspension of a sentence in criminal contempt proceedings but an indeterminate or unlimited period for contempt in civil proceedings, particularly where the contemptuous action of which relator is convicted is constructive in character and identically defined both in the Code of Criminal Procedure (Article 23[2]) and Code of Civil Procedure (Article 224[2])....”
For these reasons, we conclude that the trial court had no power or authority to impose sentence upon defendant for the contempt finding made on May 31, 1984. Therefore, the sentence imposed on defen *723 dant in the trial court’s judgment dated December 28, 1987 is vacated, annulled and set aside. Plaintiff-appellee is cast with all costs at the trial level and on appeal.
REVERSED — SENTENCE ANNULLED AND VACATED.

. It appears from the trial court’s oral reasons for judgment issued January 14, 1988, that a prior judgment rendered and signed December 19, 1983 decreed defendant’s arrearage to be the sum of $6,100.00 as of December 19, 1983. Presumably, the arrearage of $468.00 fixed on May 31, 1984, represents arrearages over and above that determined to be due plaintiff in December 1983. This is not made clear as the December 19, 1983 judgment is not made part of the record.

. Plaintiff in brief agrees that defendant's .obligation to her for post-divorce alimony terminated as a matter of law on the date of her remarriage.